A96A0629. ELLIS v. THE STATE.
(470 SE2d 495)

ANDREWS, Judge.
Charles Harvey Ellis challenges certain conditions imposed by the trial court on the probated portion of his sentence for the offense of child molestation.

1. In sentencing Ellis to probation, the trial court had broad discretion to impose conditions which were reasonably related to the nature and circumstances of the offense and to the rehabilitative goals of the probationary sentence. *State v. Collett*, 232 Ga. 668, 670 (208 SE2d 472) (1974); *Land v. State*, 262 Ga. 898, 901 (426 SE2d 370) (1993). The first objected-to condition of probation required that: "Probationer shall not linger, loiter, or spend time at locations where children under 18 are present or are likely to be present. Such locations include but are not limited to schools, parks, playgrounds,

sporting events, school bus stops, public swimming pools, and arcades." Another condition required that: "Probationer shall not work or volunteer for any business, organization, or activity that provides care to or services for children under the age of 18. Such businesses, organizations, and activities include but are not limited to schools (including driving a school bus), coaching sports/athletic teams, Girl or Boy Scouts, day care centers, Girls or Boys clubs, or churches."

Given Ellis's conviction for child molestation, it was reasonable for the trial court to regulate Ellis's contact with children by imposing conditions prohibiting his association with groups dealing with children and prohibiting his presence at certain locations where children are present. See *Potts v. State*, 207 Ga. App. 863, 866 (429 SE2d 526) (1993). However, such conditions should be stated with reasonable specificity so that Ellis has notice of the groups and locations he must avoid and so that the conditions are not so broadly worded as to encompass groups and locations not rationally related to the purpose of the sentencing objective.

Both of the above conditions, which included but were not limited to the listed groups and locations used as examples, lack the required specificity. For example, the condition restricting Ellis from working for businesses providing services for children could be literally read to prohibit him from taking a job in any capacity with a company which provides any sort of service for children, even if the job would involve no contact with children. Similarly, the restriction against spending time at locations where children are present or likely to be present could be literally applied to prohibit Ellis from shopping at virtually any store.

The conditions, as written, are susceptible of being read and applied in ways which are not reasonably related to the sentencing objectives. Accordingly, both of the above conditions of probation are vacated, and the case remanded to the trial court for resentencing as to the vacated conditions. *Davis v. State*, 172 Ga. App. 787, 790-791 (324 SE2d 767) (1984).

2. Ellis contends the condition requiring he submit to warrantless searches at the request of a probation officer or any other peace officer violates his Fourth Amendment rights because it is not limited to probation officers, and it does not specifically state it is limited to reasonable circumstances.

There is no merit to these contentions. The condition allowing warrantless searches during probation without probable cause was valid and did not violate the Fourth Amendment. *Anderson v. State*, 209 Ga. App. 676, 677 (434 SE2d 122) (1993). Even if not specifically stated, the condition carried with it the implied requirement that there be at least reasonable grounds for any such search. Id. at 677. The condition need not be limited to searches by probation officers.

*Hancock v. State*, 205 Ga. App. 890 (424 SE2d 77) (1992).

3. The condition of probation that Ellis not possess "sexually explicit" material was related to the circumstances of the offense and the rehabilitative goals of probation and was not vague or overly broad, as contended. See OCGA § 16-12-100.

4. It was within the trial court's discretion to impose the condition of probation prohibiting Ellis from consuming alcohol. *Mock v. State*, 156 Ga. App. 763 (275 SE2d 393) (1980); *Inman v. State*, 124 Ga. App. 190, 193-194 (183 SE2d 413) (1971).

*Judgment affirmed in part and vacated and remanded in part. Pope, P. J., and Smith, J., concur.*

DECIDED APRIL 3, 1996.

*Nicholas Pagano*, for appellant.

*Thomas J. Charron, District Attorney, Nancy I. Jordan, Debra H. Bernes, Frank R. Cox, Assistant District Attorneys*, for appellee.