## A01A2288. HARRELL v. THE STATE.
## A01A2289. WILLIAMSON v. THE STATE.
### (559 SE2d 155)

SMITH, Presiding Judge.

In separate cases, Billy J. Harrell and Ken Williamson entered pleas of guilty to charges of statutory rape. Each was sentenced to a prison term followed by probation. Although their cases are unrelated, they have been consolidated for review because the central issue is identical, although the facts in each case differ slightly. Harrell objected at his sentencing to the imposition of certain conditions of probation applicable to sex offenders. Both Harrell and Williamson filed motions for new trial, seeking modification of these conditions. Both motions for new trial were denied, and both Harrell and Williamson appeal. Each asserts that the trial court erred in denying his motion for new trial because several of the special conditions of probation are unlawful. We agree with their contentions with regard to some of the special conditions but disagree as to others. We therefore affirm in part and vacate in part and remand for resentencing.

The special conditions imposed in both cases are essentially identical. Among them are the following:

> 2. Probationer shall not be alone with any child under 18 years of age unless an adult is present who has knowledge of the probationer's history or criminal sexual behavior and/or abusive behavior and has been approved as a chaperon by the probation officer and treatment provider.
>
> 3. Probationer shall not reside in a home with persons under 18 years of age, unite with a family unit with children under 18, nor work or volunteer for any business, organization or activity that provides care or services to children under 18 years of age without the consent of the court.
>
> 4. Probationer shall not linger, loiter or spend time at locations where children under 18 are present or are likely to be present.
>
> 8. Probationer shall submit to a search of his/her person, property, residence, or vehicle at any time of the day or night, with or without consent or a search warrant whenever requested to do so by a probation officer or any other peace officer[1] and specifically consents to the use of any contraband seized as evidence in a probation revocation proceeding.
>
> 15. Probationer shall submit to a polygraph examination at any time whenever directed to do so by a probation officer and bear the expense of same.

---

[1] In Harrell's case, the phrase "or any other peace officer" was marked out.

1. A trial court has broad discretion in sentencing to impose conditions reasonably related to the nature and circumstances of the offense and the rehabilitative goals of probation. *Ellis v. State*, 221 Ga. App. 103 (1) (470 SE2d 495) (1996). In *Ellis*, we held that given that Ellis was convicted of child molestation, it was reasonable to impose probation conditions prohibiting him from being present at certain locations where children were present and from associating with groups dealing with children. But such conditions must be stated with "reasonable specificity" to afford the probationer notice of the groups and places he must avoid. And the conditions must not be so broadly worded as to encompass groups and places not rationally related to the purpose of the sentencing objective. Id. at 104 (1). In *Ellis*, we held that two conditions similar to but far more specific than special conditions 3 and 4[2] were "susceptible of being read and applied in ways which are not reasonably related to the sentencing objectives," id., and were therefore improper.

Harrell and Williamson were not convicted of child molestation but of statutory rape. Nevertheless, because of the nature of the offense, the sentencing objective in these cases is the same as that in *Ellis*. Since special conditions 3 and 4 in these two cases are far more broadly worded and less specific, it follows that they do not provide Harrell and Williamson with the required notice of the groups and locations they must avoid, and they are too broadly worded to be related rationally to the purpose of the sentencing objectives. These special conditions of probation must be vacated, and the case must be remanded to the trial court for resentencing.

The same is not true of special condition 2. As pointed out by appellants, while certain questions may arise as to its interpretation,[3] that condition is sufficiently specific and narrow to be reasonably related to the sentencing objective.

2. Appellants maintain that special conditions 8 and 15 are improper under the Georgia Constitution, as well as the Fourth Amendment to the U. S. Constitution, which has been held to apply to probationers. *Allen v. State*, 258 Ga. 424, 425 (2) (369 SE2d 909)

---

[2] In *Ellis*, one condition required that " 'Probationer shall not linger, loiter, or spend time at locations where children under 18 are present or are likely to be present. Such locations include but are not limited to schools, parks, playgrounds, sporting events, school bus stops, public swimming pools, and arcades.' " Id. at 103-104 (1). Another stated: " 'Probationer shall not work or volunteer for any business, organization, or activity that provides care to or services for children under the age of 18. Such businesses, organizations, and activities include but are not limited to schools (including driving a school bus), coaching sports/athletic teams, Girl or Boy Scouts, day care centers, Girls or Boys clubs, or churches.' " Id.

[3] Harrell and Williamson raise the question of whether the condition is violated if they are present in a group including two children and twenty adults, none of whom are aware of their history.

(1988). The Supreme Court of Georgia held in *Allen*, however, that Fourth Amendment rights may be waived and that Allen had waived them when he agreed to the special conditions as part of a negotiated plea bargain. Id. at 424, 425 (3). In *Fox v. State*, 272 Ga. 163 (527 SE2d 847) (2000), our Supreme Court held that a waiver of Fourth Amendment rights was invalid because it was not obtained as part of the plea bargaining process. The probationer in *Fox* was required under the terms of his probation to submit to a search "any time of the day or night, with or without a search warrant whenever requested to do so by a probation supervisor or any law enforcement officer." Id. The Supreme Court held that the purported waiver of Fourth Amendment rights was invalid because the probationer was not told of the condition until after the trial court pronounced sentence, when he was taken to a probation office and told of the conditions outside the presence of counsel. Because Fox did not agree to these terms, but did not know whether he had a right to object to the waiver, his waiver was invalid.

Regardless of whether Harrell and Williamson waived their Fourth Amendment rights,[4] however, we conclude that we need not vacate these special conditions.

These cases differ from *Fox* in an important procedural respect. In *Fox*, the appeal was from the denial of a motion to suppress evidence obtained in a search conducted pursuant to a special condition of probation. And it is clear from *Fox* that regardless of whether Fourth Amendment rights have been validly waived, if the search of a probationer is reasonable under the circumstances, it is not prohibited even if warrantless. This is so because the supervision necessary to operate a probation system presents special needs that "may justify departures from the usual warrant and probable-cause requirements." (Punctuation and footnote omitted.) Id. at 165 (2).

If a warrantless search has occurred pursuant to a special condition of probation, a reviewing court is able to analyze the facts and circumstances to determine whether the search in question was based upon reasonable grounds, balancing the government's need to search against the invasion caused by the warrantless search. The court concluded that in *Fox*, the search was not reasonable. We cannot do so here because no such search has taken place. And we will not presume that any search that may take place in the future under the authority of a probation officer will be unreasonable, even if it is warrantless. Because these special conditions are not unlawful per se, the trial court need not modify them.

---

[4] Williamson's plea was negotiated; Harrell's was not.

*Judgment affirmed in part, vacated in part and remanded. Barnes and Phipps, JJ., concur.*

DECIDED JANUARY 24, 2002.

*Gilbert J. Murrah*, for appellants.
*J. Brown Moseley, District Attorney, Charles M. Stines, Assistant District Attorney*, for appellee.