A06A1062. GROVENSTEIN v. THE STATE.
(637 SE2d 821)

BERNES, Judge.
Brian Grovenstein pled guilty to the offense of sexual battery in the Superior Court of Effingham County. He appeals the trial court's imposition of certain special conditions of probation, including a

requirement that he register as a sex offender. We vacate the challenged special conditions of probation and remand the case to the trial court for resentencing. We further instruct the trial court to reconsider its imposition of the sex offender registration condition in light of the recent amendments to OCGA § 42-1-12, which became effective on July 1, 2006.

Grovenstein was initially charged with aggravated child molestation based upon an incident which occurred when Grovenstein was 18 years of age and the minor female victim was 14 years of age. The indictment alleged that Grovenstein committed an act of sodomy involving the mouth of the victim and Grovenstein's sex organ. The victim testified at Grovenstein's sentencing hearing and described the incident as a voluntary sexual encounter:

> [Grovenstein] was giving me a ride home from an event at church and I began to flirt with [him,] and we ended up pulling over into a parking lot[,] and we made out and then I gave [Grovenstein] oral sex. I was not asked to. He didn't ask me to. I did it.

The state consented to Grovenstein's entry of a guilty plea to the lesser offense of sexual battery.[1] Following the state's recommendation, the trial court sentenced Grovenstein under the First Offender Act to five years, to serve 180 to 240 days in a probation detention center, and imposed sex offender conditions of probation, including a special condition that Grovenstein register as a sex offender.

1. Grovenstein contends that the trial court erred in imposing the special conditions of probation 4, 5 and 6 which provide as follows:

> 4. Probationer shall not work or volunteer for any business, organization, or activity that provides care to or services for children under the age of 18. Such businesses, organizations, and activities include but are not limited to schools (including driving a school bus), coaching sports/athletic teams, Girl or Boy Scouts, Day Care Centers, Girls or Boys Clubs, or Churches.
> 5. Probationer shall not linger, loiter, or spend time at locations where children under 18 are present or are likely to be present. Such locations include but are not limited to schools, parks, playgrounds, sporting events, school bus

---

[1] "A person commits the offense of sexual battery when he . . . intentionally makes physical contact with the intimate parts of the body of another person without the consent of that person." OCGA § 16-6-22.1 (b). Commission of sexual battery against a child under the age of 16 years is punishable as a felony. Id.

stops, public swimming pools, and arcades.

6. Probationer shall not reside in a home where persons under 18 years of age reside nor unite with any family unit in which there are children under the age of 18 without the knowledge and consent of the Probation Officer, Counselor/Therapist, and the Court.

At the sentencing hearing, Grovenstein objected to the trial court's imposition of the challenged conditions.[2] Citing *Harrell v. State*, 253 Ga. App. 440, 440-441 (1) (559 SE2d 155) (2002), and *Ellis v. State*, 221 Ga. App. 103, 103-104 (1) (470 SE2d 495) (1996), he argued that the challenged conditions lacked reasonable specificity and were so broadly worded as to encompass groups and locations not rationally related to the purpose of the sentencing objective. We agree.

A trial court has broad discretion in sentencing to impose conditions reasonably related to the nature and circumstances of the offense and the rehabilitative goals of probation.[3] . . . But such conditions must be stated with "reasonable specificity" to afford the probationer notice of the groups and places he must avoid. And the conditions must not be so broadly worded as to encompass groups and places not rationally related to the purpose of the sentencing objective.

(Citations omitted.) *Harrell*, 253 Ga. App. at 441 (1).

Special conditions 4 and 5 are identical to the conditions this Court found overbroad and invalid in *Ellis*, a case which also involved a sexual offense against a minor.

Both of the above conditions, which included but were not limited to the listed groups and locations used as examples, lack the required specificity. For example, the condition restricting [Grovenstein] from working for businesses providing services for children could be literally read to prohibit him from taking a job in any capacity with a company which provides any sort of service for children, even if the job would involve no contact with children. Similarly, the restriction

---

[2] In overruling Grovenstein's objection, the trial court deferred to the probation department and stated that any invalid conditions could be removed by the probation department. We disapprove of such a practice. OCGA § 42-8-35 (a) provides that the "*court* shall determine the terms and conditions of probation." (Emphasis supplied.)

[3] In cases involving sexual offenses against minors, it is generally reasonable for a trial court to regulate a probationer's contact with children. *Ellis*, 221 Ga. App. at 104.

against spending time at locations where children are present or likely to be present could be literally applied to prohibit [Grovenstein] from shopping at virtually any store.

*Ellis*, 221 Ga. App. at 104 (1).

Moreover, the term "unite with any family unit" as set forth in condition 6 is vague. It fails to give Grovenstein notice of either the conduct or the groups he must avoid. See *Harrell*, 253 Ga. App. at 440-441 (1) (holding a substantially similar probation condition overbroad).

Accordingly, we vacate special conditions 4, 5 and 6, and remand this case to the trial court for resentencing.

2. Grovenstein also claims that the trial court erred in requiring him to register as a sex offender as a special condition of his probation. Sex offender registration is governed by OCGA § 42-1-12.[4] There have been several amendments to this statute since its enactment in 1996.[5] At the time of Grovenstein's sentencing on November 28, 2005, the version of the statute then in effect provided that "a person who is convicted of a criminal offense against a victim who is a minor . . . shall register as a sex offender within ten days after his . . . placement on . . . probation." OCGA § 42-1-12 (b) (1) (A) (i). The statute also provided an exception to the registration requirement: "[C]onduct which [was] criminal only because of the age of the victim [did] not [constitute] a criminal offense [against a victim who was a minor] if the perpetrator [was] 18 years of age or younger." OCGA § 42-1-12 (a) (4) (C). Grovenstein argues that his conduct fell within the exception, and that the trial court therefore erred in imposing the registration requirement.

Pretermitting whether the exception under the former statute applied to Grovenstein's conduct, OCGA § 42-1-12 was recently amended, effective July 1, 2006. Ga. L. 2006, p. 379, § 24. The exception upon which Grovenstein relies has been omitted from the current statute. OCGA § 42-1-12 (a) (9) (C) now provides "conduct which is punished as for a misdemeanor or which is prosecuted in juvenile court shall not be considered a criminal offense against a victim who is a minor."[6]

---

[4] Thus, compliance with the statute may be required even where such compliance is not imposed as a condition of probation.

[5] See Ga. L. 1996, p. 1520, § 1; Ga. L. 1997, p. 143, § 42; Ga. L. 1997, p. 380, § 1; Ga. L. 1998, p. 831, § 1; Ga. L. 1999, p. 81, § 42; Ga. L. 1999, p. 837, § 1; Ga. L. 2001, p. 1004, § 1; Ga. L. 2002, p. 571, § 1; Ga. L. 2002, p. 1400, §§ 1, 2; Ga. L. 2003, p. 140, § 42; Ga. L. 2003, p. 281, § 1; Ga. L. 2004, p. 645, § 5; Ga. L. 2004, p. 1064, §§ 1, 2; Ga. L. 2005, p. 453, § 1/HB 106; Ga. L. 2006, p. 72, § 42/SB 465; Ga. L. 2006, p. 379, § 24/HB 1059, effective July 1, 2006.

[6] In the same Act, the General Assembly also amended several criminal statutes to provide misdemeanor punishment for certain sex offenses based upon the relative ages of the teenage victim and the teenage perpetrator. OCGA § 16-6-4, relating to aggravated child molestation, was amended to provide that a person convicted of the offense of aggravated child molestation

As in the former statute, the current statute requires registration for any individual who "[i]s convicted on or after July 1, 1996, of a criminal offense against a victim who is a minor" or "[h]as previously been convicted of a criminal offense against a minor and may be . . . placed on . . . probation on or after July 1, 1996." OCGA § 42-1-12 (e) (1), (3).

Accordingly, we vacate the condition of probation requiring Grovenstein to register as a sexual offender and instruct the trial court to reconsider imposition of the condition in light of recent amendments to OCGA § 42-1-12 and in light of any objections which Grovenstein may then raise.[7]

*Judgment reversed in part, and case remanded for resentencing and for further proceedings as instructed. Andrews, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 25, 2006.

*Dennis G. Dozier*, for appellant.
*Richard A. Mallard, District Attorney, Keith A. McIntyre, Assistant District Attorney*, for appellee.

---

is guilty of a misdemeanor when:
 (A) The victim is at least 13 but less than 16 years of age; (B) The person convicted of aggravated child molestation is 18 years of age or younger and is no more than four years older than the victim; and (C) The basis of the charge of aggravated child molestation involves an act of sodomy.
OCGA § 16-6-4 (d) (2) (2006); Ga. L. 2006, p. 379, § 11, effective July 1, 2006. See also OCGA § 16-6-2 (d) (similar provision as to sodomy offense).

Thus, under the current statutory scheme, a defendant similarly situated to Grovenstein could plead guilty to the offense of aggravated child molestation, be entitled to a misdemeanor sentence, and be exempt from the sex offender registration requirements. See OCGA §§ 16-6-4 (d) (2); 42-1-12 (a) (9) (C).

[7] Although a trial court is "required to sentence [a defendant] in accordance to the sentencing provisions that existed at the time of his criminal act[,]" (emphasis omitted) *Lockhart v. State*, 227 Ga. App. 481, 483 (489 SE2d 594) (1997), "[t]he designation of a person as a sexual offender is neither a sentence nor a punishment but simply a regulatory mechanism and status resulting from the conviction of certain crimes." Ga. L. 2006, pp. 379, 381, § 1.