A08A0072. PETWAY v. THE STATE.
(661 SE2d 667)

JOHNSON, Presiding Judge.

James Richard Petway pled guilty to child molestation in Gwinnett County in 1991, and was sentenced to serve seven years on probation. His probation was revoked several times, including in October 2001. In October 2001, Petway was jailed briefly and his probation was then reinstated. Petway's probation officer told him after this release that he needed to register as a sexual offender, and that he was to report "that week."

Petway moved to Cobb County upon his release, and registered with the sheriff's office within 24 hours. Petway continued to register regularly for several years.[1]

On February 26, 2006, a Cobb County sheriff's deputy went to Petway's last reported address. The deputy determined that Petway had moved out. On March 9, 2006, after determining that Petway had not yet reported the address change, a sheriff's deputy took out

---

[1] The sexual offender registry statute, in relevant part, requires an individual previously convicted of a criminal offense against a minor who may be released from prison or placed on probation on or after July 1, 1996 to register as a sex offender. OCGA § 42-1-12 (e) (3). Registration requirements include, inter alia, reporting and verifying residence addresses, and reporting changes of residence address within a specified time period. See OCGA § 42-1-12 (b) (3), (f).

a warrant for Petway's arrest. Petway was subsequently indicted on four separate counts of failure to register as a convicted sex offender.[2]

At trial, Petway admitted that he moved from the last reported residence without registering the change of address. He testified that he had moved to Cobb County after he was released from jail in 2001, that his probation officer told him that he had to register as a sexual offender "that week," and that he in fact registered with the Cobb County Sheriff's Office within 24 hours of the move. However, Petway urged that he was not legally required to register as a sexual offender because the registration requirements were not included in his 2001 sentence and no official told him of the requirements *before* he was placed on probation. Accordingly, he argued, he could not be convicted of failing to register.

The state countered that pre-release notice of the registration requirements is not a prerequisite to a sexual offender's statutory obligation to register and, in any event, Petway was informed of the registration requirements soon after his release. The trial judge remarked that Petway had been coming to court regularly to register, but that he "stopped coming" and "just disappeared." The judge stated that he had reminded Petway in court on several occasions of the registration requirements. The trial court, sitting without a jury, found Petway guilty on all counts and sentenced him to serve ten years on probation. Petway appeals. We affirm the convictions.

Petway claims he was not required to register as a sexual offender because no appropriate official informed him of the registration requirements *before* he was placed on probation. To support his argument, Petway relies on OCGA § 42-1-12 (b). It provides, in relevant part:

> *Before* a sexual offender who is required to register under this Code section is released from prison or placed on parole, supervised release, or probation, the appropriate official shall: (1) Inform the sexual offender of the obligation to register, the amount of the registration fee, and how to maintain registration. . . .

(Emphasis supplied.)[3]

Petway's interpretation of the statute is unpersuasive. Nothing

---

[2] The dates of the alleged offenses were October 2, 2005, November 11, 2005, March 9, 2006, and June 4, 2006.

[3] This statute has been revised several times since Petway was sentenced in 2001. The version in effect at that time did not include the word "Before." Instead, it used the word "If." Georgia law requires that we apply the current statutory scheme. See *Grovenstein v. State*, 282 Ga. App. 109, 112-113 (2) (637 SE2d 821) (2006). Therefore, we evaluate Petway's argument in light of the law as revised in 2006.

in the statute makes the registration requirements conditional upon a sexual offender having been told of the need to register *before* his release. Instead, the statute directs the official to give the registration information to a person *"who is required to register."*[4] This language indicates that the sexual offender has an obligation to register which is independent of the notice given by the official. The provision simply instructs the official as to what he is to tell the offender and when. The statute does not provide that the information must be given before an offender is required to register, or that an offender who is not so informed before release has no responsibility to register.[5] The statute makes registration mandatory for any individual placed on probation on or after July 1, 1996 for having committed a criminal offense against a minor. Thus, compliance may be required even where such compliance is not imposed as a condition of probation.[6] Had the legislature intended to make registration requirements contingent upon the sexual offender receiving notice before his release or placement on probation, it could have so provided in the statute.[7]

It is important to bear in mind the legislative intent underlying the sexual offender registration requirements.[8] When the Georgia General Assembly revised the statute in 2006, it specifically stated that the registration requirement is justified because of "the high level of threat that a sexual predator presents to the public safety," and the long-term effects suffered by victims of sexual offenders.[9] The legislature further noted that the state has a compelling interest in protecting the public from sexual offenders and protecting children from predatory sexual activity and, in order to protect the public, it is necessary that sexual offenders be registered and that members of the community be notified of a sexual offender's presence.[10] The legislature's intention in enacting the registration laws was to enable law enforcement officers to track the whereabouts of convicted sexual offenders in order to protect the public.

---

[4] The 2006 statute provides that registration is required by any individual who has previously been convicted of a criminal offense against a minor and may be released from prison or placed on probation on or after July 1, 1996. OCGA § 42-1-12 (e) (3).

[5] See *Watson v. State*, 283 Ga. App. 635, 636 (1) (642 SE2d 328) (2007) (holding that a sexual offender for whom registration was not a requirement at the time of his guilty plea and sentencing, was nonetheless properly required to register when new statute requiring registration became effective).

[6] See *Grovenstein*, supra at 112 (2), n. 4.

[7] See, e.g., the habitual violator statute (OCGA § 40-5-58 (c) (1)), which makes it unlawful for a person whose license has been revoked to drive *after he has received notice* of the revocation.

[8] See *Spivey v. State*, 274 Ga. App. 834, 834-835 (1) (619 SE2d 346) (2005).

[9] Ga. L. 2006, p. 379, § 1.

[10] Id.

Other parts of the statute demonstrate this intention, such as OCGA § 42-1-12 (d) (1), which provides that no sexual offender shall be released from prison or placed on probation until the appropriate official has provided the Georgia Bureau of Investigation and the sheriff's office in the county where the sexual offender will be residing with the sexual offender's required registration information. Petway's interpretation of the sexual offender registration statute would defeat the legislative purpose in enacting the statute.[11]

*Judgment affirmed. Barnes, C. J., and Phipps, J., concur.*

## DECIDED APRIL 25, 2008.

*Michael H. Saul*, for appellant.
*Patrick H. Head, District Attorney, Henry R. Thompson, John R. Edwards, Assistant District Attorneys*, for appellee.

---

[11] See generally *Spivey*, supra at 835 (1).