## A09A0425. ROGERS v. THE STATE.
(678 SE2d 125)

BERNES, Judge.

Carl Ray Rogers appeals the trial court's order requiring him to register as a sexual offender pursuant to OCGA § 42-1-12 (e) (1). For the reasons discussed below, we affirm.

The record reflects that on April 1, 2003, Rogers was indicted on charges of aggravated child molestation and several other sexual-related offenses. Count 1 of the indictment averred that Rogers committed aggravated child molestation in that he "did unlawfully take indecent liberties with the person of [the victim], a child under the age of sixteen, by performing oral sex on the said victim, with intent to arouse and satisfy the sexual desires of [Rogers] and the child." Thereafter, on September 7, 2004, Rogers was charged in a separate indictment with one count of rape. The indictment averred that Rogers committed rape in that he "did unlawfully have carnal knowledge of [the victim], a female, forcibly and against her will."

On February 5, 2005, Rogers, who was represented by counsel,

---

entered a negotiated plea of guilty on two counts of aggravated assault pursuant to *North Carolina v. Alford*, 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970). Specifically, Rogers entered an *Alford* plea to one count of aggravated assault as a lesser included offense of the aggravated child molestation count of the April 1, 2003 indictment, and to one count of aggravated assault as a lesser included offense of the rape count of the September 7, 2004 indictment. The state entered an order of nolle prosequi on the remaining charges. Rogers received a probationary sentence of six years on both aggravated assault counts, with the sentences to run concurrently.

After Rogers began serving his probationary sentence, his probation officer notified Rogers that he was required to register as a sexual offender under OCGA § 42-1-12 (e) (1). Rogers subsequently moved for the trial court to enter an order stating that he was not subject to the sexual offender registration requirements. After conducting an evidentiary hearing in which the assistant district attorney and Rogers testified, the trial court denied Rogers's motion.

On appeal, Rogers claims that he did not plead guilty to crimes involving criminal sexual conduct and thus was not required to register as a sexual offender under OCGA § 42-1-12 (e) (1).[1] We disagree.

Georgia law requires a person to register as a sexual offender if, among other things, he or she is convicted on or after July 1, 1996 of a "criminal offense against a victim who is a minor." OCGA § 42-1-12 (e) (1). For convictions after June 30, 2001, "criminal offense against a victim who is a minor" is defined expansively to include any criminal offense under Title 16 of the Georgia Code that consists of "[c]riminal sexual conduct toward a minor." OCGA § 42-1-12 (a) (9) (B) (iii). In determining whether the conduct toward the minor was sexual in nature, courts must look to the underlying facts of the conviction in question. See *Spivey v. State*, 274 Ga. App. 834, 835 (1) (619 SE2d 346) (2005); *Brown v. State*, 270 Ga. App. 176, 180 (2) (605 SE2d 885) (2004). This inquiry may include looking to the underlying facts as set forth in the indictment or accusation. See *Wiggins v. State*, 272 Ga. App. 414, 422 (7) (612 SE2d 598) (2005), rev'd in part

---

[1] Embedded within his sole enumeration of error contending that he was not required to register as a sexual offender, Rogers also contends that his guilty plea was invalid because the sentencing judge failed to determine that there was an adequate factual basis for his plea. We do not reach this contention because it was never raised or ruled upon in the court below. See *Allen v. State*, 273 Ga. App. 227, 230 (2) (614 SE2d 857) (2005) (a defendant cannot "on appeal raise questions or issues neither raised nor ruled on by the trial court") (punctuation and footnote omitted). See also *Jarrett v. State*, 217 Ga. App. 627, 629 (2) (458 SE2d 414) (1995), overruled in part on other grounds, *Kaiser v. State*, 285 Ga. App. 63, 68-69 (1) (646 SE2d 84) (2007) (declining to address whether the sentencing judge failed to establish on the record an adequate factual basis for the plea, since the issue was neither argued nor ruled upon below).

on other grounds, 280 Ga. 268 (626 SE2d 118) (2006).

Here, Rogers pled guilty to two counts of aggravated assault as lesser included offenses of the aggravated child molestation and rape counts of the respective indictments.[2] As such, his aggravated assault convictions were predicated upon the facts alleged in those indictments showing how the charged crimes were committed. Cf. *Lewis v. State*, 283 Ga. 191, 196 (6) (657 SE2d 854) (2008) ("A defendant is held to have notice of all crimes charged in the indictment, as well as lesser crimes shown by the facts alleged therein.") (citation omitted). And, as the factual allegations of those indictments make clear, the underlying conduct for the first aggravated assault was the performance of oral sodomy on the victim, and the underlying conduct for the second aggravated assault was the rape of the victim.[3] Moreover, there is no dispute that the victims were minors at the time of the offenses. The record therefore shows that Rogers pled guilty to crimes falling within the category of criminal sexual conduct toward a minor.

Rogers emphasizes that the sentencing judge did not impose any sexual offender conditions as part of his probationary sentence. But a defendant must comply with the statutory sexual offender registration requirements "even where such compliance is not imposed as a condition of probation." (Footnote omitted.) *Petway v. State*, 291 Ga. App. 301, 303 (661 SE2d 667) (2008). See also *Grovenstein v. State*, 282 Ga. App. 109, 112 (2), n. 4 (637 SE2d 821) (2006). "[T]he designation of a person as a sexual offender is neither a sentence nor a punishment but simply a regulatory mechanism and status resulting from the conviction of certain crimes." (Punctuation omitted.) *Grovenstein*, 282 Ga. App. at 113 (2), n. 7, quoting Ga. L. 2006, pp. 379, 381, § 1. Hence, regardless of whether the sentencing judge expressly imposed sexual offender registration as a condition of probation, Rogers was required to register under the mandatory terms of OCGA § 42-1-12. See *Petway*, 291 Ga. App. at 303; *Grov-*

---

[2] Rogers argues that in ordering him to register as a sexual offender, the trial court simply "assumed" that the aggravated assault crimes to which he pled guilty were lesser included offenses to crimes charged in the indictment. His argument lacks merit. The plea transcript and final disposition orders show that Rogers specifically pled guilty to the aggravated assault crimes as lesser included offenses of the charged crimes of aggravated child molestation and rape.

[3] Rogers contends that the factual allegations of the indictment cannot be considered because the sentencing judge did not expressly rely upon the indictment in determining whether a factual basis existed for his plea. However, Rogers's contention is based upon precedent addressing the circumstances under which a guilty plea may be withdrawn. See, e.g., *Leary v. State*, 291 Ga. App. 754, 754-755 (1) (662 SE2d 733) (2008); *Foster v. State*, 281 Ga. App. 584, 584-585 (1) (636 SE2d 759) (2006). That precedent is inapposite to the separate question of whether the defendant pled guilty to an offense requiring him or her to register as a sexual offender.

*enstein*, 282 Ga. App. at 112 (2), n. 4.

Rogers further maintains that at the time of his plea, he was told by the assistant district attorney and his defense counsel that he would not be required to register as a sexual offender. While Rogers testified at the motion hearing to this effect, the trial court specifically found that his testimony was not credible. "Credibility of witnesses and the weight to be given their testimony is a decision-making power that lies solely with the trier of fact." *Tate v. State*, 264 Ga. 53, 56 (3) (440 SE2d 646) (1994).

Finally, Rogers asserts that because he allegedly was not required "to register for the first two and a half years of his sentence," he clearly did not plead guilty to crimes involving criminal sexual conduct. Pretermitting whether Rogers was required to register upon receiving his probationary sentence, we note that the sexual offender registration statute has been amended multiple times over the years. See *Grovenstein*, 282 Ga. App. at 112 (2), n. 5 (detailing amendments to the statute over time). And regardless of what version was in effect at the time of a defendant's sentencing, courts look to the current version of the statute to determine whether registration is required. See id. at 112-113 (2); *Peters v. Donald*, 282 Ga. App. 714, 716-718 (639 SE2d 345) (2006). Consequently, whether Rogers was required to register in the past is irrelevant to whether he must register at the present time under the current version of the statute.

For these combined reasons, Rogers was required to register as a sexual offender for committing a criminal offense against a victim who is a minor pursuant to OCGA § 42-1-12 (a) (9) (B) (iii) and (e) (1). The trial court correctly ordered Rogers to comply with the sexual offender registration requirements.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED APRIL 30, 2009.

*John E. Morrison*, for appellant.
*Louie C. Fraser, District Attorney, Terry F. Holland, Robert B. Faircloth, Assistant District Attorneys*, for appellee.