A10A0143, A10A1035. SCOTT v. THE STATE (two cases).

(695 SE2d 71)

JOHNSON, Presiding Judge.

A jury found Mark Daniel Scott, Jr., guilty of making false statements and failing to report as required by the Georgia Sex Offender Registry.[1] Scott has filed two appeals, both appealing the conviction entered on the verdict and the denial of his motion for a new trial.

### Case No. A10A0143

In Case No. A10A0143, Scott claims that the evidence was insufficient to sustain his conviction and that he received ineffective assistance of counsel. We find no error and affirm.

1. On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict to determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[2] So viewed, the evidence here shows that Scott was a convicted sex crime offender and subject to the reporting requirements of OCGA § 42-1-12. On January 5, 2006, Scott was convicted of failing to report as required, and he was given a probationary sentence of two years.

On August 9, 2007, Scott filed a Georgia Sex Offender Registration Notification form with the Floyd County sheriff, in which he claimed that his permanent residence address was 3 Copeland Street in Rome. When a police officer attempted to confirm the address, however, he was told that Scott did not live there. While Scott continued to allege at trial that he resided with his cousin, Bernice Smith, at the Copeland Street address, Smith testified that she had lived at the address for 30 years and that Scott had never lived there.

OCGA § 42-1-12 (n) provides that any person who is required to register as a sex offender and fails to comply with the requirements of the registry statute, including by providing false information, shall be guilty of a felony. Here, Scott claims that no one ever explained the sex offender registration requirements to him and that he therefore lacked the intent to violate the requirements of the

---

[1] At sentencing, the trial court treated the false statements count as surplusage and merged it into the count for violating the requirements of the sex offender registry.

[2] See *Bradshaw v. State*, 284 Ga. 675, 676 (1) (671 SE2d 485) (2008).

registry statute. We have already held, however, that the registration requirements of the statute are not conditioned upon whether the sex crime offender is informed of the duty to register.[3] Moreover, Scott's filing of the registration notification form served as evidence that Scott was, in fact, aware of the registration requirements. The jury was thereby authorized to conclude that Scott fabricated his testimony about living with his cousin because he knew that the false statement he made on the registration notification form could serve as the basis for a conviction of violating the registry statute.[4]

2. Scott also claims that he received ineffective assistance of counsel because his trial counsel failed to object to testimony that Scott had previously provided an incorrect address on his registration notification forms. This testimony was solicited when trial counsel asked a police officer if he ever tried to "give anybody another chance" if they were not found at the address provided on the notification form. The officer responded affirmatively, stated that he and Scott had maintained a good relationship for several years, and recalled that "there's been occasions where he would give number 15 Attereim Heights and he might live at number 14 Attereim Heights." The officer claimed that he would "go beyond just going to that residence" listed on the notification form and would "investigate a little further to realize that he . . . was across the street" and had just given the wrong house number.

At the hearing on Scott's motion for new trial, trial counsel testified that he did not object to the police officer's testimony because he did not want to bring attention to previous instances in which Scott had given incorrect information regarding his permanent residence address. We are required to provide "substantial latitude" to trial counsel's decisions regarding trial strategy, and Scott has failed to carry his burden of establishing that trial counsel's action fell outside the wide range of reasonable professional assistance.[5] As a result, we find no error in the trial court's determination that Scott failed to establish ineffective assistance.[6]

### Case No. A10A1035

In Case No. A10A1035, Scott has failed to file a brief and enumeration of errors. Accordingly, the appeal in that case is

---

[3] *Petway v. State*, 291 Ga. App. 301, 303 (661 SE2d 667) (2008).

[4] See *Bryson v. State*, 293 Ga. App. 392, 394 (1) (667 SE2d 170) (2008) ("Because it involves matters of credibility, the jury must resolve conflicts in the testimony of witnesses, and as long as there is some competent evidence, even if contradicted, to support each necessary element, the jury's verdict will be upheld.").

[5] *Rivers v. State*, 271 Ga. 115, 118 (2) (b) (516 SE2d 525) (1999).

[6] See id.

dismissed pursuant to Court of Appeals Rule 23 (a).[7] In any event, this appeal is merely duplicative of the appeal in Case No. A10A0143, and is dismissed upon that basis as well.

*Judgment affirmed in Case No. A10A0143. Appeal dismissed in Case No. A10A1035. Miller, C. J., and Phipps, J., concur.*

DECIDED APRIL 13, 2010.

*Jennifer A. Trieshmann*, for appellant.

*Leigh E. Patterson, District Attorney, Finnis K. Salmon, Assistant District Attorney*, for appellee.

---

[7] See *Johnson v. State*, 287 Ga. App. 759, 763 (4) (652 SE2d 836) (2007).