### A10A2114. CLARK v. THE STATE.
(702 SE2d 657)

BLACKBURN, Senior Appellate Judge.

Following his guilty plea to failing to register as a sex offender, Steven Clark moved to withdraw his plea, claiming that he was

---

unaware at the time of the plea that one of the conditions of his probated sentence was a prohibition against his living with his minor daughter. Clark now appeals the trial court's denial of that motion, arguing that his lack of knowledge on this matter showed that his plea was not entered voluntarily and knowingly. Because the special condition of probation was a collateral consequence of Clark's plea, we hold that the trial court did not abuse its discretion in denying his motion to withdraw his plea, and we therefore affirm.

The State indicted Clark, who was previously convicted of aggravated child molestation and sexual battery against a minor, for failing to register as a sex offender in violation of OCGA § 42-1-12 (n). Represented by counsel, Clark decided to plead guilty and completed the form for doing so, in which Clark stated among other things that he understood (i) the potential consequences of entering the plea, (ii) the potential sentences for the crime, and (iii) that he was giving up certain listed constitutional rights by entering the plea. Clark's counsel executed an affidavit stating that he had reviewed with Clark the legal effect the guilty plea would have on Clark, and had discussed with Clark the possible penalties for the charged crime.

At the guilty plea hearing, the court confirmed all these matters with Clark and then with his counsel. After hearing the factual basis for the plea and Clark's acknowledgment that the facts were substantially accurate, the court accepted Clark's guilty plea and entered a sentence in accordance with that negotiated by Clark. The court sentenced Clark to serve a term of ten years with the first two years in a probation center to be followed by the balance on probation. The court informed Clark that in addition to community service and to paying a fine and certain fees, he was to comply with all the terms and conditions of probation that would be explained to him by the probation supervisor.

Within a few days,[1] Clark moved to withdraw his guilty plea. Clark maintained that when meeting with the probation supervisor, he learned for the first time that one of the special conditions of probation was that he could not have any contact or reside with any minor under the age of 16, including his own daughter, who at that time was residing with him at his parents' residence.[2] Clark argued

---

[1] The guilty plea hearing and the filing of the motion to withdraw both occurred within the month of January 2010 and thus took place within the same term of court for Camden County Superior Court. See OCGA § 15-6-3 (7) (B).

[2] Such conditions of probation for child sex offenders have been approved by this Court. See *Stephens v. State*, 305 Ga. App. 339, 345 (5) (699 SE2d 558) (2010). See also *Grovenstein v. State*, 282 Ga. App. 109, 111 (1), n. 3 (637 SE2d 821) (2006) ("[i]n cases involving sexual offenses against minors, it is generally reasonable for a trial court to regulate a probationer's contact with children").

that therefore his plea was involuntary and unknowing. Following a hearing on the motion to withdraw, the trial court denied the motion, finding that Clark had acted voluntarily and knowingly. Clark appeals, reiterating the same argument.

Once a sentence has been entered, "a guilty plea may only be withdrawn if the defendant establishes that such withdrawal is necessary to correct a manifest injustice — ineffective assistance of counsel or an involuntary or unknowingly entered guilty plea." *Wilson v. State*.[3] See *Stinson v. State*.[4] Here, Clark has emphasized that he is not asserting ineffective assistance of counsel, but is arguing only that he entered the guilty plea involuntarily and unknowingly.[5] In the face of this challenge, the State bore the burden of showing affirmatively from the record that Clark offered his plea knowingly and voluntarily. See *Hill v. State*.[6] The trial court's ruling that the State met this burden will not be disturbed on appeal absent a manifest abuse of discretion. *Wilson*, supra, 302 Ga. App. at 433-434 (1). See *Thornton v. State*.[7]

Here, Clark concedes that the State met this burden in all respects except as to his lack of knowledge regarding the special condition of probation that he could not reside with or contact his minor daughter. However, we have specifically held that special conditions of probation are collateral consequences of a plea, and that there is no constitutional requirement that a defendant be advised of such collateral consequences in order for his guilty plea to be valid as voluntary and knowing. *Hermann v. State*.[8] See *Smith*, supra, 287 Ga. at 394 (2) (a) (" 'the defendant's lack of knowledge of such collateral consequences does not affect the voluntariness of the plea' "); *McLeod v. State*[9] ("[a] guilty plea will not be set aside because the defendant is not advised of possible collateral consequences of her guilty plea"). A defendant need only be informed of a direct consequence of a guilty plea, which is a consequence "that lengthens or alters the pronounced sentence." *Taylor*, supra, 304 Ga.

---

[3] *Wilson v. State*, 302 Ga. App. 433, 434 (1) (691 SE2d 308) (2010).

[4] *Stinson v. State*, 286 Ga. 499, 499 (689 SE2d 323) (2010).

[5] Because Clark expressly does not assert ineffective assistance of counsel, and instead restricts his argument to the trial court's due process obligation to ensure that guilty pleas are knowingly and voluntarily entered, the direct versus collateral consequences distinction (discussed infra) applies. See *Taylor v. State*, 304 Ga. App. 878, 882 (1), n. 4 (698 SE2d 384) (2010). See generally *Smith v. State*, 287 Ga. 391, 396-398 (2) (c) (697 SE2d 177) (2010). We do not comment on whether Clark has waived his ineffective assistance claim by failing to assert it by this point.

[6] *Hill v. State*, 267 Ga. App. 357, 357 (599 SE2d 307) (2004).

[7] *Thornton v. State*, 180 Ga. App. 274, 275 (349 SE2d 23) (1986).

[8] *Hermann v. State*, 249 Ga. App. 535, 536-537 (548 SE2d 666) (2001).

[9] *McLeod v. State*, 251 Ga. App. 371, 372 (1) (554 SE2d 507) (2001).

App. at 881 (1), n. 3. "[T]he distinction between direct and collateral consequences of a plea turns on whether the result represents a definite, immediate and largely automatic effect on the *range* of the defendant's punishment." (Punctuation omitted; emphasis supplied.) Id.

Because the information about the probation condition did not lengthen or alter the range of the pronounced sentence, and further because the court even told Clark during sentencing that he would have to comply with the conditions of probation given to him by the probation supervisor, we hold, as in *Hermann*, supra, 249 Ga. App. at 537, that Clark's alleged lack of knowledge regarding this condition did not render his plea involuntary or unknowing. Cf. *Smith*, supra, 287 Ga. at 398 (2) (c) ("a defendant's ignorance of the risk that she will lose custody of her young children by entering a guilty plea does not invalidate the plea"). In this due process context focusing on the voluntariness and knowingness of the plea, any claims by Clark that his counsel directly misinformed him about the probation condition are of no significance. See *Craig v. State*[10] (" '[a] person cannot avoid the legal consequences of his acts even if based on good faith reliance on the advice of counsel' ").

The trial court did not abuse its discretion in denying Clark's motion to withdraw his guilty plea.

*Judgment affirmed. Barnes, P. J., and Senior Appellate Judge Marion T. Pope, Jr., concur.*

DECIDED OCTOBER 5, 2010.

*Richard O. Allen*, for appellant.

*Stephen D. Kelley, District Attorney, Diane L. Dodd, Katie M. Udy, Assistant District Attorneys*, for appellee.

---

[10] *Craig v. State*, 192 Ga. App. 148, 149 (384 SE2d 240) (1989).