**SECOND DIVISION**
**MILLER, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**February 18, 2022**

# In the Court of Appeals of Georgia

A21A1377. BRYANT v. THE STATE.

PIPKIN, Judge.

Jamez Antwane Bryant appeals from the trial court's order entered on January 7, 2021, denying his motion to vacate a void sentence.[1] As more fully set forth below, we vacate in part and remand for resentencing.

The record shows that Bryant entered an *Alford*[2] plea to two counts of enticing a child for indecent purposes; on October 25, 2018, the trial court sentenced Bryant

---

[1] Bryant's notice of appeal states that his appeal is from the "Orders" of the trial court entered on January 7, 2021, and the record discloses that the trial court also entered an order on that date denying Bryant's motion to withdraw his plea. However, Bryant does not enumerate any error as to the denial of that motion, and we do not consider any contention related thereto. To the extent that Bryant argues that he should be allowed to withdraw his plea because his sentence must be vacated, we address that contention below.

[2] *North Carolina v. Alford*, 400 U. S. 25 (91 SCt 160, 27 LE2d 162) (1970).

on each count to thirty years, twenty to serve in confinement and the remainder on probation, to run concurrently. In the months following his conviction and sentencing, Bryant filed multiple pro se motions, including motions to withdraw his plea, a motion in arrest of judgment, motions to vacate or modify his sentence, and motions for an out-of-time appeal. On April 26, 2019, the trial court entered a consolidated order denying Bryant's motions, and Bryant filed an untimely notice of appeal from that order. That case was docketed in this Court as Case No. A20A0052, and on August 5, 2019, we dismissed Bryant's appeal for lack of jurisdiction. See OCGA § 5-6-38 (a); *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995) ("The proper and timely filing of a notice of appeal is an *absolute requirement* to confer appellate jurisdiction on this Court.") (citation and punctuation omitted).

Back in the trial court, Bryant continued to file multiple pro se motions, including another motion for an out-of-time appeal, and the trial court denied his motion on July 11, 2019. Bryant appealed to this Court, and his appeal was docketed in this Court as Case No. A20A0147. However, based on principles of res judicata, we concluded Bryant's appeal was barred by our previous dismissal of his appeal in Case No. A20A0052, and we once again dismissed his appeal.

2

Bryant, however, continued to file motions in the trial court, and on October 5, 2020, almost two years after he entered his *Alford* plea, Bryant filed a motion to vacate a void sentence and another motion to withdraw his *Alford* plea. The trial court denied his motions, and Bryant filed this appeal.[3] On appeal, Bryant argues that the trial court erred by denying his motion to vacate his sentence because the trial court imposed an illegal condition of probation; additionally, although not raised in the motion that is the subject of this appeal, Bryant also argues that the requirement that he register as a sexual offender results in a sentence that exceeds the maximum punishment allowed for the convicted offenses. Additionally, Bryant has twice moved to amend his brief on appeal; in his first motion to amend, his raises a merger issue and in his second motion to amend, he contends that the trial court's failure to consider his eligibility for a sentence below the minimum results in a void sentence. As more fully set forth below, we now vacate the no-contact provision of his probated sentence but find his other contentions unavailing.

1. We first inquire into our jurisdiction to consider this appeal. The State argues that we should also dismiss Bryant's appeal from the January 7, 2021, order because

---

[3] As stated in footnote 1, Bryant does not raise any argument concerning the denial of his motion to withdraw his plea in his brief on appeal.

Bryant previously filed motions to vacate or modify his sentence and his appeals following the denial of his previous motions were dismissed. The resolution of this issue turns on whether Bryant has in fact raised a colorable claim of a void sentence that was not raised in his prior motions.

When a sentencing court imposes a sentence of imprisonment, its jurisdiction to later modify or vacate the sentence is limited. The sentencing court generally has jurisdiction to modify or vacate such a sentence for only one year following the imposition of the sentence. OCGA § 17-10-1 (f). See also *von Thomas v. State*, 293 Ga. 569, 571 (2) (748 SE2d 446) (2013). However, "a sentencing court retains jurisdiction to correct a void sentence at any time." (Citation and punctuation omitted.) *Rutledge v. State*, 360 Ga. App. 824, 830 (2) (861 SE2d 793) (2021). See also *von Thomas*, 293 Ga. at 569, 572 (2); *Rooney v. State*, 287 Ga. 1, 2 (2) (690 SE2d 804) (2010). "A sentence is void if the court imposes punishment that the law does not allow." (Citation and punctuation omitted.) *von Thomas*, 293 Ga. at 571 (2). *State v. McCauley*, 353 Ga. App. 94, 98 n.3 (834 SE2d 567) (2019); *Harrison v. State*, 201 Ga. App. 577, 583 (5) (411 SE2d 738) (1991) ("A sentence or portion thereof that is unauthorized by law is a nullity and void."). "This is true even for defendants who plead guilty because a defendant who knowingly enters into a plea

4

agreement does not waive the right to challenge an illegal and void sentence." (Citation and punctuation omitted.) *Rutledge*, 360 Ga. App. at 830 (2).

Thus, in cases where the trial court has lost jurisdiction to vacate or modify a sentence, a direct appeal from the denial of a motion to vacate a void sentence is authorized only when the defendant has raised a colorable claim that his sentence is, in fact, void. *Munye v. State*, 342 Ga. App. 680, 685 (1) (b) (803 SE2d 775) (2017); see also *Jones v. State*, 278 Ga. 669, 671 (604 SE2d 483) (2004) ("Rulings on pleadings asserting erroneous procedure or unfair treatment are not subject to direct appeal because they are not rulings on whether the sentence is void."). "Hence, if a defendant does not raise a colorable void-sentence claim, his appeal is subject to dismissal."*Munye*, 342 Ga. App. at 685 (1) (b).

Notwithstanding that a void sentence may be challenged at any time and a direct appeal from the denial of a motion raising a colorable claim of void sentence is authorized, these principles are "subject to the equally well established principles of res judicata and the law-of-the-case rule once the issue has been raised and ruled upon." (Citation and punctuation omitted.) *Paradise v. State*, 321 Ga. App. 371, 373 (740 SE2d 238) (2013). See also *Ross v. State*, 310 Ga. App. 326, 328 (713 SE2d 438) (2011) (while a void sentence is a nullity and may be vacated at any time, it is

5

still subject to res judicata and law-of-the-case rule; defendant is not entitled to multiple bites at the apple).

The State asserts that these principles apply here and that Bryant's appeal should be dismissed, arguing that "this issue has already had its day in court previously." In support of its argument, the State points to Bryant's motion to modify his sentence filed on March 1, 2019, and his motion to vacate and set aside void conviction and sentence filed on May 5, 2019, as well as to the dismissal of his appeals following the trial court's denial of those motions. However, a review of these motions, as well as other motions Bryant filed seeking to modify his sentence or purporting to attack his sentence as void, shows that Bryant has not previously raised the issue set out in his October 5, 2020 void sentence challenge which is the subject of this appeal – that a condition of his probation is illegal and void – and that such motion, for the first time, raised a colorable claim that at least a portion of Bryant's sentence is void. *Sumner v. State*, 284 Ga. App. 308, 312 (1) (643 SE2d 831) (2007) ([W]here a condition of probation in a sentence is unauthorized, that portion of the sentence is void.") (citation and punctuation omitted). Accordingly, to the extent that Bryant has raised a colorable claim of a void sentence, his appeal is properly before us as to that issue and is not subject to dismissal.

6

2. Turning to the merits, we first consider Bryant's contention that the no-contact provision imposed as a special condition of probation is overly broad and lacks specificity.[4] We agree.

> A trial court has broad discretion in sentencing to impose conditions reasonably related to the nature and circumstances of the offense and rehabilitative goals of probation. But such conditions must be stated with reasonable specificity to afford the probationer notice of the groups and places he must avoid. And the conditions must not be so broadly worded as to encompass groups and places not rationally related to the purpose of the sentencing objective.

(Citation and punctuation omitted.) *Grovenstein v. State*, 282 Ga. App. 109, 111 (1) (637 SE2d 821) (2006).

The record shows the trial court imposed the following special condition of probation, which prohibited Bryant from having contact with minors:

> You shall have no contact, whether directly in person or indirectly, through any means of communication, with any child under the age of eighteen (18), nor with any person unable to give consent because of mental or emotional limitations. Neither shall you attempt contact with

---

[4] The no-contact provision is set out in "Sex Offenders Special Conditions of Probation" number 1.

the aforementioned except under circumstances approved in advance and in writing by the Court. If you have incidental contact with children, you will be civil and courteous to the child and immediately remove yourself from the situation. You will discuss the contact at your next meeting with your Probation Officer.

This Court has previously rejected similar special conditions of probation. As we explained in *Ellis v. State*, 221 Ga. App. 103, 104 (1) (470 SE2d 495) (1996), a case also involving a sex offense against a child, while

it was reasonable for the trial court to regulate [defendant's] contact with children by imposing conditions prohibiting his association with groups dealing with children and prohibiting his presence at certain locations where children are present, . . . such conditions should be stated with reasonable specificity so that [defendant] has notice of the groups and locations he must avoid and so that the conditions are not so broadly worded as to encompass groups and locations not rationally related to the purpose of the sentencing objective.

Here, the special condition at issue failed to provide Bryant with sufficient notice of the groups and places he was required to avoid and was so overbroad and lacking in specificity that it "could be applied to prohibit [Bryant] from shopping at virtually any store, visiting any restaurant, or literally going to any other location in which [Bryant] would come into contact with the general public." (Citation and

8

punctuation omitted.) *Chaney v. State*, 355 Ga. App. 737, 741 (c) (845 SE2d 704) (2020). See also *Harrell v. State*, 253 Ga. App. 440, 441 (1) (559 SE2d 155) (2002) (Special conditions of probation were vacated where they did not provide the required notice of the groups and locations to avoid and were too broadly worded to be rationally related to the purpose of the sentencing objectives.); *Ellis,* 221 Ga. App. at 104 (1). Further, "the trial court's condition violates the principle that conditions must not be so broadly worded as to encompass groups and locations not rationally related to the purpose of the sentencing objective." (Citation and punctuation omitted.) *Chaney*, 355 Ga. App. at 741 (c), quoting *Ellis*, 221 Ga. App. at 104 (1). See also *Grovenstein*, 282 Ga. App. at 111 (1). In sum, "it is clear that Georgia law does not support the kind of universal special condition of probation, prohibiting contact with an individual or particular cohort without limitation." *Chaney*, 355 Ga. App. at 742 (c). Accordingly, the no-contact special condition of Bryant's probation is vacated, and the case is remanded to the trial court for resentencing as to the vacated condition.

3. Bryant also contends that sex offender registration for life, which he will be subjected to following his release from prison, see OCGA § 42-1-12, exceeds the maximum punishment for his crimes in violation of OCGA § 17-10-1 (a) (1).

However, it has previously been recognized that such requirements are "regulatory and not punitive in nature[.]" *Rainer v. State of Ga.*, 286 Ga. 675, 676 (1) (690 SE2d 827) (2010).Thus, Bryant's contention that the registration requirement is an illegal "punishment" is unavailing since "current law does not deem registration as a sexual offender to be punishment." *Hollie v. State*, 287 Ga. 389, 391 (3) (696 SE2d 642) (2010). Accordingly, this contention does not present a void sentence claim.

4. Bryant has also filed an amended brief seeking to raise a merger claim based on the contention that he was improperly sentenced for the same crime – two counts of enticing a child for indecent purposes. However, the indictment names a separate victim in each count and, accordingly, there is no merger. *Jones v. State*, 290 Ga. 670, 672 (2) (725 SE2d 236) (2012) ("[T]he merger doctrine does not apply if each of the charged crimes was committed against a different victim.") (citation and punctuation omitted). Bryant's motion to amend his brief is denied.

5. Bryant filed a separate request to amend his brief to raise a contention that his sentence is void because the trial court failed to consider imposing sentences below the mandatory minimum. However, as we have previously explained, "[t]he failure to deviate – or consider deviating – below a minimum sentence does not render the sentence one that the law does not allow, so long as the sentences imposed

remain within the range of punishment permitted by law." (Punctuation omitted.) *Jackson v. State*, 338 Ga. App. 509, 510 (790 SE2d 295) (2016). Accordingly, Bryant's motion to amend his brief to raise this claim is also denied.

6. Lastly, we note that Bryant has requested we vacate his sentence and remand for resentencing and to allow him to withdraw his plea. However, because we have vacated only the no-contact special condition of Bryant's probation and remanded only for resentencing as to that provision, leaving the remainder of his sentence intact, Bryant has no right to withdraw his plea. See *Thompson v. State*, 348 Ga. App. 807, 808-810 (824 SE2d 685) (2019); see also *Hallford v. State*, 289 Ga. App. 350, 351-352 (1) (657 SE2d 10) (2008).

*Sentence vacated in part, and case remanded for resentencing. Miller, P. J., and Hodges, J., concur.*