## A98A1436. MATHEWS v. THE STATE.
### (506 SE2d 225)

Andrews, Chief Judge.

Gerald Mathews was granted an out-of-time appeal from denial of his motion to modify his probationary sentence after his plea of guilty to rape. In it he contends the trial court improperly denied his request to remove the prohibition on his contacting or associating with the victim of the rape, S. V., also his common-law wife and the mother of his two children. We affirm.

Mathews was tried for rape, but the jury was split between convicting of rape or battery and a mistrial was granted. S. V. testified at that trial and during the sentencing hearing that she was raped and that she was afraid of Mathews, both for herself and her children, and did not want to have contact with him.

On November 14, 1995, Mathews entered his negotiated plea of guilty, agreeing to a sentence of eleven years and five months, which, with credit for the year and five months he had already served, resulted in a probated sentence of ten years. With Mathews' full understanding, the court imposed as a special condition of probation that he not have any contact with S. V., although arrangements were made for him to have supervised visits with his children.

On August 19, 1997, Mathews filed his motion to modify, in which S. V. unsuccessfully attempted to join. She testified on behalf of Mathews and expressed her desire to renew their relationship and have the special condition removed, although she reaffirmed that he had raped her at their home.

Mathews argued below and here that such a condition violates his constitutional right to freedom of association, although no authority was or is cited for the proposition that imposition of special conditions of probation can amount to such a deprivation.

"In some instances a condition of probation involves a waiver of a defendant's rights including those protected by state or federal constitutions. However, the conditions of probation are not imposed involuntarily, but are accepted by convicted criminals as a condition necessary to avoid incarceration in the penitentiary. [Cit.] Whether the waiver of rights required under the condition of probation amounts to an abuse of discretion depends upon whether it is 'related

to a legitimate purpose underlying the criminal justice system . . . (or whether defendant's) loss of rights relates in a rational way to the purpose underlying the sentencing objective, to prevent his involvement in criminal activity by monitoring his conduct while he serves the probationary part of his sentence.' [Cits.] A condition of probation which precludes contact between the perpetrator of a sexual crime and his victim bears a reasonable relation to future criminality especially where a family relationship provided the opportunity for the past criminal conduct. [Cits.]" *Tuttle v. State*, 215 Ga. App. 396, 397 (2) (450 SE2d 863) (1994).

There was no abuse of discretion in denying the motion to modify. See *Gearinger v. Lee*, 266 Ga. 167, 169 (465 SE2d 440) (1996).

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED AUGUST 24, 1998.

*White & Bloodworth, Michael M. White*, for appellant.
*Daniel J. Porter, District Attorney, George F. Hutchinson III, Assistant District Attorney*, for appellee.