### A01A1088. MOODY v. THE STATE.
(551 SE2d 772)

BARNES, Judge.

Following his convictions of three counts of battery, Randy Moody appeals, contending the trial court erred by conditioning his

---

probation on no further direct contact with his wife, the victim of all three offenses. Moody contends the trial court's condition (1) violated his state constitutional right to privacy and (2) was "invalid, unreasonable and unenforceable."

In *Mathews v. State*, 234 Ga. App. 111-112 (506 SE2d 225) (1998), we upheld a similar probation condition that prohibited contact between the defendant and his wife. In *Mathews*, the defendant argued that the condition violated his constitutional right to freedom of association. We held,

> In some instances a condition of probation involves a waiver of a defendant's rights including those protected by state or federal constitutions. However, the conditions of probation are not imposed involuntarily, but are accepted by convicted criminals as a condition necessary to avoid incarceration in the penitentiary. Whether the waiver of rights required under the condition of probation amounts to an abuse of discretion depends upon whether it is related to a legitimate purpose underlying the criminal justice system or whether defendant's loss of rights relates in a rational way to the purpose underlying the sentencing objective, to prevent his involvement in criminal activity by monitoring his conduct while he serves the probationary part of his sentence.

(Citations and punctuation omitted.) Id. We find that the condition imposed by the trial court bears a reasonable relation to preventing the defendant from committing further batteries of his wife. The trial court made arrangements for Moody to visit his teenage children and also permitted him to communicate with his wife in writing and by telephone. Thus, the condition was no broader than required to establish the goal of protecting the victim from further criminal conduct.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED JULY 3, 2001 —

*Jane C. Watson*, for appellant.

*J. Tom Morgan, District Attorney, Candace N. Kicklighter, Barbara B. Conroy, Assistant District Attorneys*, for appellee.