A08A0223. MULLENS v. THE STATE.
(658 SE2d 421)

BLACKBURN, Presiding Judge.

After pleading guilty to a charge of child molestation and serving the custodial portion of his sentence, Glenn Mullens appeals the revocation of his probation, contending that (1) the evidence was not sufficient to support the revocation, and (2) the trial court erred in admitting statements he made to his probation officer. For the reasons that follow, we affirm.

"A court may not revoke any part of any probated or suspended sentence unless the defendant admits the violation as alleged or unless the evidence produced at the revocation hearing establishes by a preponderance of the evidence the violation or violations alleged." OCGA § 42-8-34.1 (b). "This court will not interfere with a revocation unless there has been a manifest abuse of discretion on the part of the trial court." (Punctuation omitted.) *Cheatwood v. State.*[1] Accordingly, "[i]f admissible evidence is presented in support of the allegations regarding revocation of probation, this court will affirm." *Young v. State.*[2]

Viewed in this light, the record shows that in February 2004, Mullens was sentenced to fifteen years, with three in confinement, as part of a guilty plea to one count of child molestation. Following his confinement, Mullens was released on probation, subject to several conditions including a special condition prohibiting him from having contact with minors.

After Mullens admitted to his probation officer that he had incidental contact with a minor female, the probation officer filed a petition to revoke probation. At the revocation hearing, a nine-year-old girl testified that Mullens approached her and asked her if she wanted some candy. Although on cross-examination she expressed uncertainty as to the stranger's identity, she testified that it was the

[1] *Cheatwood v. State*, 248 Ga. App. 617, 621 (2) (548 SE2d 384) (2001).

[2] *Young v. State*, 265 Ga. App. 425, 426 (594 SE2d 667) (2004).

same man she had seen carrying jugs of water, which matched Mullens's own testimony that, due to a water filter problem, he obtained water by carrying jugs from his brother-in-law's house nearby. The girl's father also corroborated her account, as she had run to the backyard to tell him about a stranger who offered her candy; the father, however, could not identify Mullens.

Mullens himself testified and denied the girl's entire account but admitted to separately encountering two young girls when he was walking his dog to get water. Mullens related this encounter to his probation officer, who filed a revocation petition which was granted, giving rise to this appeal.

1. Mullens contends that the evidence was insufficient to support revocation. We disagree.

The trial court's order was based on a "technical violation of probation conditions" and contained no written findings of fact. Mullens bases his challenge on an oral finding the trial court made from the bench that Mullens had "incidental contact" with a minor, and argues that having only incidental contact does not violate the special condition of his probation. Pretermitting whether the oral finding was the sole basis for the order, we find that the evidence supported a finding that Mullens violated a special condition of his probation.

The condition at issue reads as follows:

> *You shall have no contact, whether directly in person or indirectly* through any means of communication or through employment, volunteer activity or otherwise *with any child under the age of eighteen (18), including your own children.* . . . Neither shall you attempt contact with the aforementioned except under circumstances approved in advance and in writing by the Court. If you have incidental contact with children, you will be civil and courteous to the child and immediately remove yourself from the situation. You will discuss the contact at your next meeting with your Probation Officer.

(Emphasis supplied.)

Mullens argues that the later instruction requiring him to report incidental contact with children implies that incidental contact is permitted. However, this ignores the explicit language of the condition, i.e., that "you shall have no contact . . . with any child." This is a clear proscription of any contact with all children, the severity of which is noted by the prohibition of contact with even his own children. Such a condition can be justified, because

[a] person occupies a special status while on probation, during which time his private life and behavior may be regulated by the State to an extent that would be completely untenable under ordinary circumstances. The rationale for this power is basically, of course, that the person has been convicted of a crime and would be serving a sentence but for the grace of the court.

(Punctuation omitted.) *Staley v. State.*[3] That the condition requires Mullens to report incidental contact and instructs him how to address such contact should it arise does not relieve Mullens from the prohibition of all contact with any children. Further, that the probation officer might exercise discretion with respect to incidental contact does not change the fact that, once a trial court exercises its discretion in revoking probation, this Court will uphold such an exercise absent a manifest abuse. See *Cheatwood v. State*, supra, 248 Ga. App. at 621 (2). In light of the evidence that (1) Mullens approached a minor girl and offered her candy, and (2) Mullens admitted having incidental contact with minors, we discern no manifest abuse of discretion.

2. Mullens also contends that the trial court violated his Fifth Amendment privilege against self-incrimination by allowing his probation officer to testify as to what Mullens told him during a required probationary meeting. We disagree.

During the revocation hearing, the State called the probation officer to testify as to Mullens's admission that he had incidental contact with a minor. Mullens unsuccessfully objected to the testimony, and he now asserts that because the probation condition required him to discuss with his probation officer any incidental contact with children, and because this conversation was then recounted in court over his objection, his Fifth Amendment privilege against self-incrimination was violated. However, having accepted the original probationary conditions in a negotiated plea, Mullens validly waived his Fifth Amendment right as part of the plea bargaining process. See *Allen v. State*;[4] *Fox v. State*[5] (noting that a constitutional waiver is "valid on the theory that the defendant has voluntarily consented to such a condition of probation as an acceptable alternative to prison") (punctuation omitted).

*Judgment affirmed. Miller and Ellington, JJ., concur.*

---

[3] *Staley v. State*, 233 Ga. App. 597, 599 (505 SE2d 491) (1998).

[4] *Allen v. State*, 258 Ga. 424, 425 (4) (369 SE2d 909) (1988).

[5] *Fox v. State*, 272 Ga. 163, 164 (1) (527 SE2d 847) (2000).

DECIDED FEBRUARY 29, 2008.

*Robert L. Crowe*, for appellant.

*Stephen D. Kelley, District Attorney, Jonathan R. Miller III, Assistant District Attorney*, for appellee.