A09A0955. LAYTART v. THE STATE.
(689 SE2d 50)

DOYLE, Judge.

Michael S. Laytart appeals the revocation of his probation and denial of his motion for new trial on the grounds that his general and special probation conditions did not provide sufficient notice of what was expected of him in order to remain unincarcerated, the conditions did not proscribe the conduct supporting the revocation, and a probation guideline itself is unconstitutionally vague and overbroad. For reasons that follow, we affirm.

On April 3, 1996, at the age of fifteen, Laytart pleaded guilty to

---

[7] *In the Interest of J. S.*, 296 Ga. App. 144, 151 (3) (673 SE2d 645) (2009).

two counts of child molestation, one count of sodomy, and one count of furnishing an image depicting sexually explicit nudity to a minor. The trial court sentenced Laytart to confinement for a period of twenty years: eight to serve, with the remainder on probation subject to certain general and special conditions. The special conditions in the trial court's final disposition read as follows:

> Credit for time served, intensive probation for the first year of probation, special conditions of probation would include: being banned from returning to Houston Co. for the next 5 years, *sex offender treatment*.[1]

The trial court gave no further clarification as to what was meant by "sex offender treatment."

That same day the trial court ordered 16 special conditions of probation, and Laytart acknowledged by his signature that on July 16, 1996, he had received from his probation officer a copy of the "Special Conditions of Probation" and the rules of the "Intensive Probation Supervision Program." Laytart further acknowledged that he understood "the consequences of any failure on [his] part to abide by any of the conditions and/or rules and regulations," and "freely and voluntarily accept[ed] both the General and Special Conditions, rules and regulations and agree[d] to abide by them as a condition of [him] being allowed to serve [his] sentence of probation." Special Condition number six stated:

> Probationer shall attend and participate in such counseling, treatment or educational programs as may be directed by the Probation staff and shall abide by all rules and regulations and directions of any such program.

Specific program rules and regulations were not included in the court's order because Laytart had not yet selected a treatment program; Laytart did not challenge his sentence at that time.

Over 12 years later, on October 3, 2008, the State filed a Petition for Modification/Revocation of Probation on the grounds that Laytart

> did fail to comply with his sex offender treatment guidelines which forbid him to be around minors unless an approved supervisor is also present, to wit: [Laytart] was living with his girlfriend who has minor children including a male child

---

[1] (Emphasis supplied.)

approximately seven years of age — the same age and sex as the defendant's victim in the case for which he is now on probation in violation of a special condition of probation.

At the revocation hearing, the State introduced testimony and evidence that Laytart had been instructed by Tim Jackson, his probation officer, to attend sex offender treatment, and Laytart had selected Stop, Inc.'s program in December 2007.[2] Raymond Mullis, a sex offender counselor with Stop, testified that when a probationer begins the program, the probationer is required to sign several documents, one of which is Stop's rules and regulations for sex offender treatment. Mullis observed Laytart read the rules and regulations and asked him if he understood them; Laytart replied "yes" and signed the paper on February 4, 2008.

Stop's Rule 11 reads as follows:

> You are not allowed to be around minors without an approved supervisor. You must first show progress in treatment (by having 2-3 "clean" polygraphs) before this privilege will even be considered. Only then will you be given permission to be around the specific children documented on the form. The potential approved supervisor must meet the therapist and the probation/parole officer and be approved by both. He/she will sign paperwork stating that they understand the seriousness of this role. This person must be aware of your crime and believe that you are capable of repeating it.[3]

Mullis and Jackson both testified that they had reviewed the rules with Laytart and specifically discussed the prohibition of him being around minors. Laytart also demonstrated his understanding of the rules by properly seeking permission from his counselor to date his girlfriend. However, he did not disclose to either Mullis or Jackson when she and her two minor children moved in with him. Instead, Jackson discovered Laytart was living with minor children after he received a call from the sheriff's office and made a visit to Laytart's home, where he observed the two children and spoke with Laytart, who eventually admitted they were living with him.

---

[2] Jackson began supervising Laytart's probation in 2004. Thereafter, Laytart's probation was revoked for one year; and, after his release in September 2007, Jackson required him to select a new treatment program.

[3] While the parties focus on Rule 11, this Court notes that Rule 10 similarly prevents Laytart from being "unsupervised around minors" unless superseded by a judge's order or specifically given permission in writing from his probation or parole officer and the treatment team.

The trial court determined that Laytart had sufficient notice of his probation conditions, even though the term "sex offender treatment" in the final disposition was not further explained, and that there was a preponderance of evidence that Laytart was in contact with minor children without going through the proper channels and without permission. We agree with the trial court on these two issues.

Nonetheless, Laytart argues that even if he received proper notice that compliance with the sex offender treatment guidelines is part of the special conditions of his probation, the treatment guideline that prohibits him from being around minors is too vague and overbroad to be enforced.

"This court will not interfere with a revocation unless there has been a manifest abuse of discretion on the part of the trial court."[4]

> A trial court has broad discretion in sentencing to impose conditions reasonably related to the nature and circumstances of the offense and the rehabilitative goals of probation. . . . But such conditions must be stated with "reasonable specificity" to afford the probationer notice of the groups and places he must avoid. And the conditions must not be so broadly worded as to encompass groups and places not rationally related to the purpose of the sentencing objective.[5]

With this in mind, we have upheld probation conditions prohibiting a probationer from "be[ing] alone with any child under 18 years of age,"[6] or "initiat[ing] contact with [ ]or continu[ing] uninitiated contact with a child under the age of 18."[7] However, a probation condition that prohibits a probationer from merely being in the presence of any minor has been held to be overbroad because it could literally be interpreted to "prohibit [a probationer] from shopping at virtually any store without an approved supervisor accompanying him."[8]

Here, Laytart's probation condition prohibits him from "be[ing] around minors without an approved supervisor." While we find that this condition is more akin to those prohibiting a probationer from

---

[4] (Punctuation omitted.) *Veats v. State*, 300 Ga. App. 600, 601 (685 SE2d 416) (2009).

[5] (Punctuation and footnote omitted.) *Grovenstein v. State*, 282 Ga. App. 109, 111 (1) (637 SE2d 821) (2006).

[6] *Harrell v. State*, 253 Ga. App. 440 (559 SE2d 155) (2002).

[7] *Tyler v. State*, 279 Ga. App. 809, 817 (4) (632 SE2d 716) (2006), overruled in part on other grounds, *Schofield v. Holsey*, 281 Ga. 809 (642 SE2d 56) (2007).

[8] (Punctuation omitted.) Id. at 818 (4). See also *Ellis v. State*, 221 Ga. App. 103, 104 (470 SE2d 495) (1996).

being in the mere presence of a minor as opposed to being in contact or alone with a minor because it could be interpreted to prohibit Laytart from walking down a street where a minor is walking or going to the mall where minors might be shopping, as applied to Laytart, it is not unconstitutionally vague or overly broad.[9] Laytart was not accused of violating his probation by walking near a playground or going to the mall. Laytart was accused of violating his probation because he was living with minors. Regardless of whether the condition could be interpreted in an overly broad manner,[10] it was sufficient to put Laytart on notice that he could not reside with minors without supervision and approval.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED NOVEMBER 20, 2009 —
RECONSIDERATION DENIED DECEMBER 15, 2009.

*Amanda N. Steger*, for appellant.
*Kelly R. Burke, District Attorney, Venita S. McCoy, Assistant District Attorney*, for appellee.

A09A1041. IN THE INTEREST OF X. W., a child.
A09A1042. IN THE INTEREST OF B. W., a child.
(688 SE2d 646)

---

[9] " '[V]agueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand,' and . . . a person who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." (Citations and punctuation omitted.) *Izzo v. State*, 257 Ga. 109, 110 (1) (356 SE2d 204) (1987).

[10] The cases relied upon by Laytart and cited above where a probation condition was found to be overbroad and invalid involved challenges to the condition immediately after sentencing and at the outset of probation. In contrast, the question here was not one for clarification of the meaning of the condition, and Laytart has not argued that he believed residing with minors was not a probation violation. Rather, the question was whether Laytart's conduct did in fact violate a condition of probation. A prohibition against being around minors clearly includes residing with a minor.