A11A1316. ROONEY v. THE STATE.
(715 SE2d 780)

ELLINGTON, Chief Judge.

In 1995, John Rooney entered a negotiated plea of guilty to rape, aggravated sodomy, aggravated sexual battery, and three counts of battery. In an unpublished opinion, this Court affirmed the denial of his motion for an out-of-time appeal. *Rooney v. State*, 248 Ga. App. XXVII (2001). In the years since, Rooney has filed several motions for post-conviction relief. See *Rooney v. State*, 287 Ga. 1 (690 SE2d 804) (2010). Most recently, Rooney filed a Motion to Vacate Unconstitutional, Null, and Void Sentences, a Motion to Secure Attendance of a State Prisoner at Hearings, and a Motion to Disqualify and/or Recuse Trial Judge. The trial court denied the motions, and Rooney appeals. For the reasons explained below, we affirm.

1. The trial court sentenced Rooney to 64 years confinement and ordered that, upon service of 50 years, Rooney could serve the remaining 14 years on *probation*. As special conditions of such *probation*, the trial court ordered that Rooney have no contact with the victim and that he submit to mental health counseling. Rooney contends that the trial court unconstitutionally invaded the authority of the Board of Pardons and Paroles when it imposed future conditions on *parole*. Regardless of any reference to parole made during the sentencing hearing, however, the judgment entered on July 10, 1995, makes no reference to any future parole. *Howard v.*

---

*State*, 281 Ga. App. 797, 803 (4) (637 SE2d 448) (2006) ("A written sentence controls over the trial court's oral pronouncements.") (citation, punctuation and footnote omitted). Further, the trial court acted within its authority in imposing conditions on probation.[1] OCGA § 42-8-35 (a) ("The [trial] court shall determine the terms and conditions of probation[.]"); *State v. Pless*, 282 Ga. 58, 61 (646 SE2d 202) (2007) ("OCGA § 42-8-35 vests the sentencing court with the general power to impose reasonable conditions of probation."); see also *Terry v. Hamrick*, 284 Ga. 24, 27 (3) (663 SE2d 256) (2008) ("[A] trial court has broad discretion in fashioning probation conditions.") (citation omitted). Accordingly, this argument lacks merit.

2. Rooney contends that the trial court imposed special conditions of probation without his knowledge or consent. "[T]he only ground for authorizing a trial court to correct a sentence at any time is that the sentence is void. A sentence is void if the court imposes punishment that the law does not allow." (Citations and punctuation omitted.) *Rooney v. State*, 287 Ga. at 2 (2).[2] Even if the trial court failed to notify Rooney on the record of every detail of the conditions of probation, however, Rooney failed to articulate any basis for finding that his sentence in any way imposes punishment that the law does not allow. Consequently, this argument provides no basis for vacating his sentence. *Coleman v. State*, 305 Ga. App. 680, 680-681 (700 SE2d 668) (2010).

3. Rooney contends that Judge Debra K. Turner erred in denying his motion to recuse herself, which motion was based on her alleged "partiality, personal bias, and prejudice" against him. The affidavit Rooney executed in support of his motion, however, showed that Rooney believed that the judge was biased based on her rulings that were adverse to him, including those that were reversed by the Supreme Court of Georgia. See *Rooney v. State*, 287 Ga. 1. Because Rooney's motion failed to show any legal basis for recusal, the trial court did not err in denying the motion. See *Gibson v. Decatur Fed. Sav. & Loan*, 235 Ga. App. 160, 166 (3) (508 SE2d 788) (1998) ("In order to be disqualifying the alleged bias must stem from an

---

[1] Cf. *Terry v. Hamrick*, 284 Ga. 24, 25 (2) (663 SE2d 256) (2008) (Because the Board of Pardons and Paroles has executive power regarding the terms and conditions of parole, the trial court violated the constitutional provision regarding the separation of powers when it entered a judgment that, as a condition of parole and probation, banished the defendant from every county in Georgia except one.).

[2] *Howard v. State*, 281 Ga. App. 797, 803-804 (5) (637 SE2d 448) (2006) (A sentence is void if it imposes a period of confinement greater than the statutory maximum for the offense.); *Barraco v. State*, 252 Ga. App. 25 (555 SE2d 244) (2001) (A sentence is void if it imposes a fine greater than the statutory maximum for the offense.); *Sledge v. State*, 245 Ga. App. 488 (537 SE2d 753) (2000) (A sentence is void if it imposes punishment for both a greater offense and a lesser included offense for the same act.).

extra-judicial source and result in an opinion on the merits on some basis other than what the judge learned from his [or her] participation in the case.") (citations and punctuation omitted).

4. The State's motion to dismiss this appeal is denied.

*Judgment affirmed. Miller, P. J., and Doyle, J., concur.*

DECIDED AUGUST 9, 2011 —

John Rooney, *pro se.*

*Daniel J. Porter, District Attorney, William C. Akins, Assistant District Attorney*, for appellee.