**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**November 7, 2012**

# In the Court of Appeals of Georgia

A12A0994. JOHN ROONEY v. THE STATE.                               DO-038

DOYLE, Presiding Judge.

In his latest appeal from a 1995 negotiated plea of guilty to rape, aggravated sodomy, aggravated sexual battery, and three counts of battery, John Rooney contends that the trial court erred by denying his motion to modify his sentences pursuant to OCGA § 17-10-1 (f). For the reasons set forth below, we dismiss the appeal.

Pursuant to OCGA §17-10-1 (f), a court may correct or reduce a sentence during the year after its imposition, or within 120 days after remittitur following a direct appeal,[1] whichever is later. Once this

---

[1] OCGA § 17-10-1 (f) specifically states: "Within one year of the date upon which the sentence is imposed, or within 120 days after receipt by the sentencing court of the remittitur *upon affirmance of the judgment* after direct appeal, whichever is later, the court imposing the sentence has the jurisdiction, power, and authority to

statutory period expires, a trial court may only modify a void sentence. A sentence is void if the court imposes punishment that the law does not allow. To support a motion for sentence modification filed outside the statutory time period, therefore, a defendant must affirmatively demonstrate that the sentence imposes punishment not allowed by law. Moreover, a direct appeal does not lie from the denial of such motion unless it raises a colorable claim that the sentence is, in fact, void.[2]

To the extent Rooney's motion to modify seeks re-sentencing based on the merger of certain counts in the indictment as well a change from consecutive to concurrent sentences, the trial court was without jurisdiction to grant such relief and properly denied the motion. Rooney's motion to modify his sentence was filed on November 22, 2011, over 16 years after his guilty plea and sentencing on July 10, 1995. And the affirmance of his conviction occurred no later than 2001 when this Court affirmed the denial of his motion for an out-of-time appeal in an unpublished

correct or reduce the sentence and to suspend or probate all or any part of the sentence imposed. (emphasis supplied).

[2] (Citations and punctuation omitted.) *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010).

opinion.[3] Thus, the 120 days for Rooney to file a motion to modify his sentence ran in 2002.[4]

The fact that Rooney filed an appeal in 2011 from which the trial court received a remittitur on September 2, 2011, does not extend the time for filing a motion to modify his sentence because the 2011 appeal did not involve the affirmance of the judgment of his conviction as required by OCGA § 17-10-1 (f).[5] To hold otherwise would result in the indefinite extension of time within which a trial court may modify a sentence, something not contemplated by the statute. Thus, the trial court properly denied Rooney's motion to modify.

---

[3] See *Rooney v. State*, 248 Ga. App. XXVII (Case No. A00A2387; 2001) (unpublished). Including the 2001 case, this Court has affirmed or dismissed at least seven other appeals by Rooney regarding this conviction and sentence: Case Nos. A00A2387 (affirmed); A02A1640 (dismissed); A02A1641 (affirmed); A06A0616 (dismissed); A06A1032 (dismissed); A07A1192 (dismissed); and A11A1316 (affirmed in *Rooney v. State,* 311 Ga. App. 376 (715 SE2d 780) (2011).

[4] Furthermore, the Supreme Court of Georgia previously considered Rooney's arguments regarding his right to concurrent, rather than consecutive sentences in a previous appeal of the denial of his motion to vacate his conviction and sentences. See *Rooney v. State*, 287 Ga. 1, 3-4 (3) (690 SE2d 804) (2010).

[5] See *Reynolds v. State*, 272 Ga. App. 91, 94 (1) (611 SE2d 750) (2005) (motion to set aside sentence that was not filed in the term in which the sentence was entered, within a year of the date upon which sentence was imposed, nor "within 120 days of the trial court's receipt of a direct-appeal remittitur" was untimely).

Rooney also argues that his conviction is void. While difficult to discern given the sparse record before us, most, if not all, of the errors enumerated by Rooney have been raised and ruled on in previous appeals.[6] "[I]ssues previously decided by a court of competent jurisdiction are conclusive and constitute a procedural bar to relitigation."[7]

Further, it is Rooney's burden to affirmatively demonstrate that the sentence imposes punishment not allowed by law. The record on appeal contains nothing more than Rooney's pro se motions, a few letters, and the trial court's December 5, 2011 order denying his motion to modify. Rooney argues that his conviction is void because the warrant was based on perjury, the grand jury panel was improperly constituted, his indictment was not returned in open court, and he was not advised of his right not to incriminate himself. There is no evidence or transcript in the record from which we could possibly discern the validity of these arguments. "Thus, given the record before us, [Rooney] has failed to set forth a colorable claim that his

_____

[6] See id.

[7] (Punctuation omitted.) *Spiller v. the State*, 282 Ga. 351 (2) (647 SE2d 64) (2007), citing OCGA § 9-12-40 ("A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.").

4

sentence is void. Accordingly, the trial court's denial of [Rooney's] motion is not subject to a direct appeal, and we must dismiss."[8]

*Appeal dismissed. Andrews and Boggs, JJ., concur.*

---

[8] *Frazier*, 302 Ga. App. at 349.