# Court of Appeals
# of the State of Georgia

ATLANTA,___March 30, 2016_____

*The Court of Appeals hereby passes the following order:*

**A16A1234.  JAMEEL FREEMAN v. THE STATE.**

In 2000, a jury convicted Jamal Freeman of hijacking a motor vehicle, aggravated assault, kidnapping, and fleeing from police, and his convictions were affirmed on appeal.  See *Carter v. State*, 249 Ga. App. 354 (548 SE2d 102) (2001). In August of 2015, Freeman filed a motion to correct void sentence, arguing that his indictment was flawed because it was not returned in open court.  The trial court denied the motion, and Freeman filed this notice of appeal.  However, we lack jurisdiction.

Pursuant to OCGA § 17-10-1 (f), a court may correct or reduce a sentence during the year after its imposition, or within 120 days after remittitur following a direct appeal, whichever is later.  Once this statutory period expires, a trial court may only modify a void sentence.  See *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 346) (2010).  A direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. Id.  "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).  Thus, when a sentence is within the statutory range of punishment, it is not void.  See *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Freeman argues that his indictment was defective.  This is not a valid void-sentence claim. See *Rooney v. State*, 318 Ga. App. 385, 387 (734 SE2d 104) (2012).

Because Freeman has not raised a colorable void-sentence claim, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
            *Clerk's Office, Atlanta,* _____03/30/2016_____
            *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
            *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____*Stephen E. Castlen*_____ *, Clerk.*