**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RICKMAN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 19, 2019**

# In the Court of Appeals of Georgia

A18A1912. JONES v. THE STATE.

MARKLE, Judge.

James Jones appeals from the trial court's denial of his motion to modify his sentence, imposed following his plea of guilty to child molestation. For the reasons that follow, we dismiss the appeal.

"Whether to grant a motion to correct a sentence under OCGA § 17-10-1 (f) lies within the discretion of the trial court. So long as the sentence imposed by the court falls within the parameters prescribed by law, we will not disturb it." (Citation omitted.) *Richardson v. State*, 334 Ga. App. 344, 346 (779 SE2d 406) (2015).

So viewed, the record shows that in 2015, Jones entered a negotiated plea in which he pled guilty to the molestation of his stepdaughter. The trial court accepted the plea, finding it was entered into knowingly and voluntarily. The trial court sentenced Jones to thirteen years, with eight to serve, concurrent with "any sentence currently serving."[1] As one of the conditions of his probation, Jones was ordered to have no contact with the victim or his biological son, the birth of whom resulted from the molestation. The trial court added a caveat to the no contact condition that would allow Jones to have contact with the victim or child if ordered by a judge, leaving open the possibility that Jones could legitimate the child and obtain visitation. Per the terms of his plea agreement, Jones agreed to waive any right to modification of his sentence and his right to appeal.

Thereafter, Jones filed a motion to modify his sentence under OCGA § 17-10-1 (f), arguing that the special conditions of his probation were unlawful and that the trial court erred by imposing an indeterminate sentence under OCGA § 17-10-1 (a) (1) by prohibiting him from having any contact with his biological child. He also filed a motion to compel, apparently seeking to compel the trial court to rule on his motion

[1] Jones makes reference to another case, 96-RCCR-692, which appears to be a conviction for aggravated assault. None of the records pertaining to this conviction were submitted on appeal.

for modification.[2] The trial court denied Jones's motion to modify his sentence without a hearing. This appeal followed.

Jones argues that the trial court erred in denying his motion to modify his sentence because (1) it was error to revoke his probation arising from his 1996 conviction; (2) the special condition of probation prohibiting contact with the victim or his biological child constituted an indeterminate sentence; and (3) he never agreed to certain conditions of probation that could not be imposed without his consent. We disagree.

1. Before we consider the merits of Jones's appeal, we first address the State's argument that the appeal should be dismissed because (a) the motion was untimely, and (b) Jones waived his right to file the motion as part of his guilty plea.

OCGA § 17-10-1 (f) provides:

Within one year of the date upon which the sentence is imposed, or within 120 days after receipt by the sentencing court of the remittitur upon affirmance of the judgment after direct appeal, whichever is later, the court imposing the sentence has the jurisdiction, power, and

---

[2] Jones contends that he also filed a motion to correct void sentence, and he moved to compel the trial court to rule on that motion as well. There is no motion to correct void sentence in the record, and the clerk of the superior court confirmed that no such motion was filed. Nor is there any record of the trial court's disposition of such a motion.

authority to correct or reduce the sentence and to suspend or probate all or any part of the sentence imposed.

Here, contrary to the State's argument, Jones's motion to modify his sentence was timely. Jones was sentenced on February 23, 2017, and he filed the instant motion on December 14, 2017, within one year of his sentencing. See OCGA § 17-10-1 (f). Thus, the trial court was authorized to consider the motion.

The State further contends that this Court should dismiss the appeal because Jones waived his right to seek modification of his sentence as part of his negotiated plea.

It is well established that a defendant can waive his right to seek post conviction relief as part of a negotiated plea agreement. See *Rush v. State*, 276 Ga. 541, 542 (579 SE2d 726) (2003). However, the waiver does not apply if the sentence imposed was illegal. See *Sumner v. State*, 284 Ga. App. 308, 312 (643 SE2d 831) (2007). As Jones raises a claim that the sentence imposed was illegal, we will consider the merits of his appeal to determine if he waived his right to file the motion to modify his sentence.

2. Jones first argues that the revocation of his probation in his earlier case and his sentence to consecutive terms of imprisonment was improper.

Jones did not raise this argument before the trial court, and we therefore decline to consider it. *Daniels v. State*, 244 Ga. App. 522, 523 (536 SE2d 206) (2000) (declining to review arguments for reduction in sentence that were not raised by the appellant in the court below). Moreover, the record on appeal is devoid of any documents related to that previous judgment. Therefore, there is nothing for this Court to review. *Adams v. State*, 282 Ga. App. 819, 822 (3) (a) (640 SE2d 329) (2006).

3. In his next two arguments, Jones contends that he received an indeterminate sentence based on the special condition that he have no contact with the victim or his biological child. He notes that the victim explicitly wished to remain in contact with him and to allow Jones to be involved in his biological child's life, and he contends that the probation condition effectively terminates his parental rights. We address each in turn, finding no merit to either claim.

(a) Under OCGA § 17-10-1 (a) (1), a trial court is required to impose a determinate sentence. A determinate sentence is one that establishes a specific number of months or years. See OCGA § 17-10-1 (a) (1). Here, the trial court imposed both a specific term of imprisonment and a term of probation for a determinate number of years. Thus, the trial court did not impose an indeterminate

sentence.[3] See OCGA § 17-10-1 (a) (1). Moreover, nothing about the special conditions of probation transformed the sentence into one that was indeterminate given the specific term of probation imposed. Id.

(b) The trial court's inclusion of a no contact provision was also within the trial court's discretion and would not cause the sentence to be illegal. See OCGA § 42-8-35 (a), (b) (1); *Rooney v. State*, 311 Ga. App. 376, 376-377 (1) (715 SE2d 780) (2001) ("the trial court acted within its authority in imposing conditions on probation."). We have repeatedly approved of special conditions of probation that prohibit contact with the victim or minors, including the defendant's own children. See *Mullens v. State*, 289 Ga. App. 872, 874 (1) (658 SE2d 421) (2008). As we have explained, "[a] condition of probation which precludes contact between the perpetrator of a sexual crime and his victim bears a reasonable relation to future criminality especially where a family relationship provided the opportunity for the past criminal conduct." (Citation omitted.) *Mathews v. State*, 234 Ga. App. 111 (506 SE2d 225) (1998) (affirming special condition that prevented contact even though

---

[3] The State further argues that any modification would be invalid because the trial court did not give the State notice or an opportunity for a hearing. See OCGA § 17-10-1 (f). In light of our conclusion that Jones waived his right to seek modification of his sentence, we do not address this argument.

6

victim was defendant's common-law wife and wanted to continue relationship).[4] Therefore, Jones's argument in this regard is unpersuasive.

Because Jones has not established that the sentence imposed was illegal, his motion to modify his sentence is barred by the waiver provision in his plea agreement. *Rush*, 276 Ga. at 542; *Sumner*, 284 Ga. App. at 312. Accordingly, we dismiss Jones's appeal.

*Appeal dismissed. McFadden, P. J., and Rickman, J., concur.*

---

[4] Notably, the trial court left open the possibility that Jones could regain the right to have contact with his child by legitimating the child and obtaining approval from the court. Thus, there is no merit to Jones's claim that the condition of probation effectively terminated his parental rights without notice or proper proceedings.