**THIRD DIVISION
MCFADDEN, C. J.,
DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. Please refer to the Supreme Court of Georgia Judicial Emergency Order of March 14, 2020 for further information at (https://www.gaappeals.us/rules).**

**June 23, 2020**

# In the Court of Appeals of Georgia

A20A0287. CHANEY v. THE STATE.

HODGES, Judge.

Following a jury trial, the Superior Court of Colquitt County entered a judgment of conviction against Amanda Chaney for one count each of aggravated assault (OCGA § 16-5-21), aggravated battery (OCGA § 16-5-24), and cruelty to children in the first degree (OCGA § 16-5-70). Chaney appeals from the trial court's denial of her motion for new trial as amended, arguing that the trial court erred in imposing a special condition of probation that Chaney "shall have no contact of any kind, in person, or by telephone, mail, or otherwise, with ANY CHILD UNDER THE AGE OF EIGHTEEN (18) YEARS OF AGE." (Emphasis in original.) Because we conclude the trial court imposed an overly broad special condition that is not

authorized under Georgia law, we vacate Special Condition of Probation 12 and remand this case for resentencing in a manner consistent with this opinion.

Viewed in a light most favorable to the jury's verdict,[1] evidence adduced at trial revealed that Chaney, along with her husband, inflicted severe punishment on her 3-year-old stepson by burning him with what appeared to be an iron, taping his mouth shut, and keeping him locked in a room. A babysitter discovered the injuries and called 911. The boy was transported to the hospital, where doctors discovered burns across his abdomen, pelvic area, and back; multiple bruises on his head and face; and a deep abrasion on his scalp.

A Colquitt County grand jury indicted Chaney for one count each of aggravated assault, aggravated battery, and cruelty to children in the first degree. Chaney's trial was moved from Colquitt County to Thomas County, and a Thomas County jury returned verdicts of guilty against Chaney on each count. The trial court initially sentenced Chaney to three consecutive terms of 20 years in prison. Approximately two months later, the trial court resentenced Chaney by modifying the sentence on Count 3 (cruelty to children) from 20 years in prison to 20 years on

---

[1] See, e.g., *Powell v. State*, 310 Ga. App. 144 (712 SE2d 139) (2011). Chaney does not contest the sufficiency of the evidence.

2

probation, consecutive to Counts 1 and 2 (for an aggregate term of 40 years in prison). The trial court resentenced Chaney a second time by merging Count 1 (aggravated assault) into Count 2 (aggravated battery), resulting in a sentence of 20 years in prison followed by a 20-year term of probation.

As part of its 20-year sentence on Count 3, the trial court included Special Condition of Probation 12, providing that Chaney "shall have no contact of any kind, in person, or by telephone, mail, or otherwise, with ANY CHILD UNDER THE AGE OF EIGHTEEN (18) YEARS OF AGE."[2] After the first resentencing, Chaney filed a "motion for reconsideration of special conditions of probation" to challenge the ban on contact with children since she had three minor biological children. She later amended her motion for new trial to include her arguments concerning the special condition. The trial court denied Chaney's motion as amended, and this appeal followed.[3]

---

[2] In its initial resentencing, the trial court included a similar provision stating that Chaney "is to have NO CONTACT WITH CHILDREN UNDER THE AGE OF EIGHTEEN (18) YEARS OF AGE." (Emphasis in original.) However, we need only review Special Condition of Probation 12, included in the trial court's second resentencing.

[3] The record indicates that Chaney's original motion for new trial was filed on April 23, 2010. The motion was amended on April 4, 2019, and the trial court denied the motion on July 1, 2019. There does not appear to be any discussion in the record

In her sole enumeration of error, Chaney contends that the "no contact" condition: (1) is not stated with reasonable specificity to notify Chaney of the groups and locations she should avoid; (2) is so broadly worded that it includes groups and locations "not rationally related to the purpose of the sentencing objective;" and (3) effectively terminates her parental rights. In part, we agree.

It is well settled that

> [a] trial court has broad discretion in sentencing to impose conditions reasonably related to the nature and circumstances of the offense and the rehabilitative goals of probation. But such conditions must be stated with reasonable specificity to afford the probationer notice of the groups and places he must avoid. And the conditions must not be so broadly worded as to encompass groups and places not rationally related to the purpose of the sentencing objective.

(Citation and punctuation omitted.) *Grovenstein v. State*, 282 Ga. App. 109, 111 (1) (637 SE2d 821) (2006); see also *Ellis v. State*, 221 Ga. App. 103, 103-104 (1) (470 SE2d 495) (1996).

(a) *Overbroad Special Conditions*. We have rejected as overbroad special conditions that do not provide sufficient notice to probationers of the groups and

concerning the delay.

4

places that must be avoided. See, e.g., *Tyler v. State*, 279 Ga. App. 809, 817-818 (4) (632 SE2d 716) (2006), overruled in part on other grounds, *Schofield v. Holsey*, 281 Ga. 809, 811 (II), n. 1 (642 SE2d 56) (2007); *Ellis*, 221 Ga. App. at 103-104 (1). In *Tyler*, we approved of a special condition of probation stating that the defendant "shall not initiate contact with nor continue uninitiated contact with a child under the age of 18." 279 Ga. App. at 817 (4). However, we found that another condition stating that the defendant "shall not be in the presence of a child under the age of 18 without the immediate presence of the supervisor who has been approved by the treatment provider and probation officer" was improper because the condition "could be literally applied to prohibit [the defendant] from shopping at virtually any store without an approved supervisor accompanying him." Id. at 818 (4). Furthermore, we concluded that "[t]he condition[], as written, [is] susceptible of being read and applied in ways which are not reasonably related to the sentencing objectives." Id.

Similarly, in *Ellis*, the trial court imposed special conditions that the defendant

> shall not linger, loiter, or spend time at locations where children under 18 are present or are likely to be present. Such locations include but are not limited to schools, parks, playgrounds, sporting events, school bus stops, public swimming pools, and arcades

and

5

shall not work or volunteer for any business, organization, or activity that provides care to or services for children under the age of 18. Such businesses, organizations, and activities include but are not limited to schools (including driving a school bus), coaching sports/athletic teams, Girl or Boy Scouts, day care centers, Girls or Boys clubs, or churches.

221 Ga. App. at 103-104 (1). We recognized that "it was reasonable for the trial court to regulate Ellis's contact with children by imposing conditions prohibiting his association with groups dealing with children and prohibiting his presence at certain locations where children are present." 221 Ga. App. at 104 (1). However, we determined that the conditions imposed by the trial court lacked the required specificity to provide "notice of the groups and locations he must avoid" and to ensure that "the conditions are not so broadly worded as to encompass groups and locations not rationally related to the purpose of the sentencing objective." Id. at 103-104 (1). As a result, we held that "[t]he conditions, as written, are susceptible of being read and applied in ways which are not reasonably related to the sentencing objectives." Id.; see also *Harrell v. State*, 253 Ga. App. 440, 440-441 (1) (559 SE2d 155) (2002).

(b) *Appropriate Special Conditions*. In contrast, we have approved of certain special conditions of probation limiting contact with an individual or a particular

6

cohort as long as the condition is reasonably tailored. See, e.g., *Potts v. State*, 207 Ga. App. 863, 866 (3) (429 SE2d 526) (1993). In *Potts*, a child molestation case, we found no abuse of discretion where the trial court imposed a special condition of probation "prohibiting the defendant's contact with any child under the age of 16" because "the trial court only limited the defendant from having contact with children under 16 years of age in volunteer activities and seeking employment which requires regular contact with children under 16." Id.; see also *Jones v. State*, 348 Ga. App. 653, 656 (3) (b) (824 SE2d 575) (2019) (approving special condition that defendant have "no contact with the victim or his biological child" in a child molestation case); *Moody v. State*, 250 Ga. App. 380, 381 (551 SE2d 772) (2001) (finding that a condition "preventing the defendant from committing further batteries of his wife" was "no broader than required to establish the goal of protecting the victim from further criminal conduct" because "[t]he trial court made arrangements for [the defendant] to visit his teenage children and also permitted him to communicate with his wife in writing and by telephone"); *Mathews v. State*, 234 Ga. App. 111, 112 (506 SE2d 225) (1999) (in rape case, approving special condtion that defendant "not have any contact with S. V., although arrangements were made for him to have supervised visits with his children" where S. V. was the victim and the defendant's common law

7

wife); *Hardman v. Hardman*, 185 Ga. App. 519, 521 (5) (364 SE2d 645) (1988) (finding no abuse of discretion in special condition that the defendant "have no unsupervised contact with females under the age of 14; and that [defendant's] visitation with his granddaughter be approved by the Department of Family & Children Services" because defendant's crime of child molestation "involved young girls; and that his granddaughter was involved in these matters").

(c) *Analysis*. In this case, the special condition of probation imposed by the trial court contains no such limitations.[4] First, the condition that Chaney "shall have no contact of any kind, in person, or by telephone, mail, or otherwise, with ANY CHILD UNDER THE AGE OF EIGHTEEN (18) YEARS OF AGE" fails to provide Chaney "notice of the groups and places [s]he must avoid." *Ellis*, 221 Ga. App. at 104 (1); see also *Grovenstein*, 282 Ga. App. at 111 (1). To the contrary, the condition "could be . . . applied to prohibit [Chaney] from shopping at virtually any store[,]" visiting any restaurant, or literally going to any other location in which Chaney would come into contact with the general public. *Ellis*, 221 Ga. App. at 104 (1); compare *Mullens v.*

---

[4] Moreover, the transcripts of the original sentencing, the resentencing hearing, and the motion for new trial hearing shed little light on the legal basis of the trial court's reasoning (outside of its observation that the crimes were particularly heinous ), although the trial court did inquire whether including "supervised" in its sentence could address Chaney's concerns.

*State*, 289 Ga. App. 872, 873-874 (1) (658 SE2d 421) (2008) (special condition providing that the defendant "shall have no contact, whether directly in person or indirectly through any means of communication or through employment, volunteer activity or otherwise with any child under the age of eighteen (18), including your own children" tempered by statement that if the defendant has "incidental contact with children, [the defendant] will be civil and courteous to the child and immediately remove [himself] from the situation" and requiring the defendant to "discuss the contact at [his] next meeting with [his] Probation Officer.").

Second, the trial court's condition violates the principle that "conditions must not be so broadly worded as to encompass groups and places not rationally related to the purpose of the sentencing objective." *Ellis*, 221 Ga. App. at 104 (1); see also *Grovenstein*, 282 Ga. App. at 111 (1). Inasmuch as Chaney was convicted of cruelty to children for the severe abuse of her 3-year-old stepson, the trial court's broad special condition of probation prohibiting *any* contact with minors, regardless of whether the contact was initiated or uninitiated, necessarily includes "groups and places not rationally related to the purpose of the sentencing objective." *Ellis*, 221 Ga.

9

App. at 104 (1). It follows that the trial court abused its discretion in imposing against Chaney a blanket prohibition against any contact with minors.[5]

In short,

we have upheld probation conditions prohibiting a probationer from "being alone with any child under 18 years of age," or "initiating contact with or continuing uninitiated contact with a child under the age of 18." However, a probation condition that prohibits a probationer from merely being in the presence of any minor has been held to be overbroad because it could literally be interpreted to "prohibit a probationer from shopping at virtually any store without an approved supervisor accompanying [her]."

(Citations and punctuation omitted.) *Laytart v. State*, 301 Ga. App. 621, 624 (689 SE2d 50) (2009). Accordingly, it is clear that Georgia law does not support the kind of universal special condition of probation, prohibiting contact with an individual or particular cohort without limitation, imposed by the trial court in this case. As a

---

[5] Broadly, citing *Tyler*, the State argues that it can impose a special condition that will prevent Chaney's contact with minors, including her own children. While both of these assertions are true, our case law makes clear that any such condition cannot be limitless. For example, as we have discussed, the condition in *Tyler* that we approved was that "Defendant shall not *initiate* contact with nor *continue uninitiated* contact with a child under the age of 18," which is dissimilar to the blanket provision in this case. (Emphasis supplied.) Id. at 817-818 (4). Of note, we rejected an overly broad prohibition from contact with minors in *Tyler*. Id. at 818 (4).

10

result, we vacate Special Condition of Probation 12 and remand this case for resentencing in a manner consistent with this opinion.[6]

*Judgment vacated in part and case remanded for resentencing. Doyle, P. J., concurs, and McFadden, C.J., concurs specially*

---

[6] Because we conclude that the special condition is not stated with reasonable sufficiency, we need not address Chaney's remaining arguments.

A20A0287. CHANEY v. THE STATE.

MCFADDEN, Chief Judge, concurring specially.

I agree with the majority decision to vacate the trial court's overly broad special condition of probation prohibiting the appellant from having contact of any kind with any child under the age of 18 years. I write separately to clarify that *Mullens v. State*, 289 Ga. App. 872 (658 SE2d 421) (2008), which is cited in the majority opinion, is distinguishable from the instant case.

Unlike the instant case, in which we have resolved the issue of whether the special condition of probation is overly broad, the issue in *Mullens* was whether there was sufficient evidence to support a probation revocation. Id. at 873 (1). While the condition of probation in *Mullens* was similar to the condition in this case, although it did have more terms than those in the instant case, *Mullens* merely held that there was sufficient evidence to support the probation revocation and that in light of such evidence there was no manifest abuse of discretion by the trial court in revoking probation. Id. at 874 (1).

2